## LANDRUM v. LANDRUM.

No. 4157.    Opinion Filed July 20, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 479.)

1.  **EJECTMENT—Right to Maintain—Title.** A person holding a valid contract for a deed from the owner of legal title to realty, and having performed and fully complied with conditions and made payments due under terms of said contract up to time of commencement of ejectment suit, and occupying said premises at the time said contract was executed, and whose right to possession was never disputed by the owner or holder of the legal title, has an equitable interest in said realty sufficient to maintain an action of ejectment, as against one in possession claiming the right thereto under same contract for deed.

2.  **JURY—Jury Trial—Waiver.** A jury may be waived without a wirtten stipulation, where both parties to an action submit their testimony to the court without a jury, the court announcing during the trial and at the close thereof that he would render judgment on the merits, and neither party objecting, but both parties, by their attorneys, expressly consenting thereto; and an objection thereto and demand for jury thereafter will not be considered by this court, the judgment itself reciting that jury

was waived by both parties, the record clearly showing that the case was being tried to the court on its merits.

3.   **APPEAL AND ERROR—Review—Finding.** Where several assignments of error all state in different ways that the judgment of the trial court is not sustained by the evidence, or is contrary to the law or the evidence, or both, and the evidence is conflicting on the material issues, this court will not undertake to pass upon the credibility of the witnesses, nor the weight to be given their testimony; but if the record discloses evidence which, if true, would reasonably tend to sustain the judgment, the judgment will be affirmed.

(Syllabus by Crow, C.)

*Error from District Court, Muskogee County;*
*R. P. deGraffenried, Judge.*

Action by Louvina Landrum against Dan Landrum. Judgment for plaintiff, and defendant brings error. Affirmed.

*Brook & Brook,* for plaintiff in error.

*Owen & Stone* and *S. J. Lipscomb,* for defendant in error.

Opinion by CROW, C. This was an action of ejectment commenced in the court below by Louvina Landrum, defendant in error, against Dan Landrum, plaintiff in error, involving lots 9 and 10, block 7, Reeves' addition to the city of Muskogee. The parties hereto were formerly husband and wife, and in that relation resided upon the lots above described. There were two contracts for the purchase of said lots, in both of which contracts the plaintiff is named as the party contracting with W. P. Fields, owner of said lots, for a deed thereto; in neither of the contracts is the defendant, Dan Landrum, named as party to the contract, although his signature appears upon the first contract after that of his wife, Louvina. The record is undisputed that defendant, Dan Landrum,

never paid anything to Fields under either of said contracts, and that Louvina Landrum made all the payments that were made upon said contracts, and that after defaulting in payments on the first contract and the making of the second, which last is the only one for consideration here, the said Louvina Landrum complied with the terms of said contract up to the time of commencing this action; Dan Landrum, defendant below, paying nothing.   Both of the parties hereto were living upon the premises involved as husband and wife at the time the last contract was entered into, the contract itself implying knowledge of this fact, and providing for the vacation of said premises by said Louvina Landrum in the event the terms of the contract were not complied with.   The defendant below, Dan Landrum, claims an interest in the property under and by virtue of the contracts before mentioned, but there is an absolute failure of proof to sustain any such contention.   There was evidence offered, contradicted by other testimony, that defendant built or assisted in building a house which was moved onto the lots involved; but, if that were material, the finding of the trial court against the defendant would not be disturbed here for obvious reasons.

Upon the state of facts set forth in the preceding paragraph, the plaintiff in error bases his contention that the defendant in error, Louvina Landrum, did not have such an interest in the property involved as would entitle her to maintain this action.   As was stated before, the defendant below, Dan Landrum, claims an interest in the property involved and the right to possession thereof under the contract held by plaintiff, and in which his name is nowhere mentioned as a party to either of said contracts.   The record shows that the first contract was

abandoned by the parties thereto some time prior to the time the second and last one was entered into by and between the same parties. At the time the last contract was executed, Dan and Louvina Landrum were occupying said premises, bearing toward each other the more ˙or less sacred relation of husband and wife. A very short time after said contract was entered into ˙between Louvina Landrum and W. P. Fields, which was in the month of December, 1909, the record discloses the breaking out of hostilities in the Landrum camp, followed by the evacuation of the post by Louvina, who testifies that she "had to leave" and went away on a "mission," the exact nature of which is not indicated, but we presume that it was a peaceful one. This circumstance left the defendant, Dan, camping on the field of action, though his conveniences were somewhat limited according to plaintiff's testimony, wherein she states that he didn't "have no household goods" and ‘no bed, and that he slept on the floor, and in answer to the question as to whether, upon visiting ˙the defendant's quarters after the separation, "his clothes were there," she replied: "I did not see any. I went there several times afterward." Thereafter, and in December, 1910, the parties were divorced, and during all this time, and up to the time plaintiff, Louvina Landrum, commenced this action, she had not failed, in any respect, to comply with the terms of the contract so far as the record shows, and no default is claimed. Her right to possession was never questioned by Fields, acknowledged to be owner and holder of legal title to the lots. We think that the plaintiff, Louvina Landrum, had an equitable interest in said lots sufficient to maintain her action of ejectment. 15 Cyc. p. 50, and authorities; *Jennings v. Brown,* 20 Okla. 294, 94 Pac. 557.

The next contention of plaintiff in error is that the court erred in rendering judgment on the merits of the case; an order of injunction being prayed for by plaintiff, and he contending that all the testimony offered was, as he understood, to determine whether or not injunction should issue, and that he never waived a jury, but intended to try the same on its merits to a jury. Defendant in error, by her counsel, in brief herein filed, argues that, the journal entry of judgment reciting that a jury was waived by both parties and the cause tried to the court without a jury, the matter ought not to be inquired into any further by this court. We do not accept this view of the matter. A journal entry of judgment is not so conclusive that the recitals therein contained may not be examined into by this court, the correctness thereof being disputed, to ascertain whether the record reasonably tends to sustain the same. The record here shows that the matter was first called to the attention of the parties before any testimony was heard either on the issuance of restraining order or the merits of the case. The court announced, both parties being present by their counsel and the matter apparently having been discussed by them in the presence of the court, as follows (page 31, Case-Made):

"By the Court: It is hereby agreed that the evidence taken at this hearing shall be submitted to the court, and that this cause shall be submitted to the court on final hearing on the evidence taken at this time, and that the court may render judgment at the next term on the evidence now taken and submitted. Is that satisfactory, gentlemen?

"Mr. Lipscomb (Attorney for Plaintiff): It is further agreed that the court may render judgment as to the application for the injunction.

"The Court: That is, on the final merits; that I just try the case on this testimony."

Now the record shows that both parties were present, by their attorneys, at the time this colloquy occurred, and no remark or suggestion was made on the occasion by attorneys for defendant below to indicate that the stipulation as outlined by the court was other than acceptable to them. Plaintiff then proceeded to offer her testimony, at the close of which defendant's counsel moved to dissolve the injunction and "dismiss the bill," which was overruled; the defendant thereafter offering his evidence. When the case was closed, both sides having announced resting their case, the defendant's counsel made the following motion (Case-Made, p. 121):

"Mr. Brook: The defendant, Dan Landrum, moves the court at this time to dissolve the restraining order heretofore issued at the hands of this court, *and that the court grant the relief prayed for in defendant's answer and cross-bill*, for the following reasons."

—after which is set out a number of alleged reasons or grounds upon which said motion and prayer for relief is based. This motion was by the court overruled; the statement and announcement being then made by the court that:

"This case will be tried on its merits by me when court convenes Monday, upon the agreement of the parties." (Page 123, Case-Made.)

"Mr. Brook: Without the offer of additional testimony?

"Judge De Graffenreid: You agreed for the case to close to-day, and that I decide this case on its merits on this testimony."

However, when court convened at the time stated, both parties being present, by counsel, additional testi-

mony was offered by the *defendant* only, at the close of which the court asked:

"Gentlemen, are you ready for a decision in this case?

"Mr. Lipscomb: Yes.

"Mr. Brook: Yes.

"The Court: I find for the plaintiff—

"Mr. Brook: The defendant, Dan Landrum, by his lawful attorney, objects to the court considering this case on its final merits."

The objection noted above is the first intimation we have that a jury was desired, this coming after the court had announced two or three times that he would render judgment on the merits of the case, and that both parties had agreed to waive jury, the parties being present at all times, and after final judgment was rendered in the case.

The right to a trial by jury is regarded as something sacred, of which no person should be deprived without his consent. The waiver of jury need not, however, be by written stipulation, and as a matter of fact is rarely ever done in that manner. The parties usually express themselves on the subject in open court when the case is called, and the court sets the case down for trial, either with or without a jury, in accordance with such announcements. While in this case the record does not show that the counsel for either party expressly announced a waiver of jury, yet the court evidently understood that they both desired to waive a jury, and so stated to them both in open court, and they could not have failed to understand that he intended to try the case on its merits. The other quotations from the record show that the court announced this intention again when the parties rested their case and the defendant made the motion set out above, showing

very clearly that he was trying the case on its merits, and asked the court for the affirmative relief prayed for in his cross-bill. After this the court allowed him to offer additional testimony, and then asked them if they were ready for a decision. There was nothing for him to decide but the merits of the case. The motion to dissolve the temporary injunction had already been acted upon, and there was nothing further for the court to do in that regard; no other motion having been filed. Therefore the court rendered judgment for the plaintiff, after which comes the objection of the defendant. We think that the record abundantly sustains the recital in the journal entry of judgment that a jury was waived by both parties.

All other assignments of error merely state in different words that the judgment is not sustained by the evidence, or is contrary to the law or the evidence, or both. This court has held, time without number, that where these contentions are relied upon for reversal, and the record contains evidence which reasonably tends to uphold the judgment, the action of the trial court will be affirmed. We have carefully examined the record in this case, and find that the evidence reasonably tends to support the judgment.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.