## KELLY *et ux.* v. BROWN.

No. 6639.   Opinion Filed February 15, 1916.

(155 Pac. 590.)

1.   **APPEAL AND ERROR—Verdict—Evidence.**  A verdict will not be reviewed as to the facts on appeal if there is sufficient evidence to support it.

2.   **SAME—Taxation of Costs.** Section 1006, Rev. Laws, 1910, is as follows: "In all cases where an action is brought by any person to recover the penalty prescribed by section 1005, **supra**, the prevailing party in such action shall be entitled to recover as part of the costs. a judgment against the other party to such action for a reasonable attorney's fee in a sum not less than $10.00 to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs. **Held**, that where, in an action to recover a money judgment, the defendant sets up

the plea of usury and alleges the payment of usurious interest and prays for judgment for double the amount of usury so paid and the trial court finds against the defendant on such issue, the findings of said court will not be disturbed on appeal; and **held,** further, that in such case the action of the trial court in taxing attorney's fees to the defendant as the losing party will not be disturbed in this court unless it is apparent that manifest injustice has been done.

(Syllabus by Robberts, C.)

### Error from District Court, Tulsa County; L. M. Poe, Judge.

Action by E. M. Brown against Samuel Kelly and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*C. N. Simon,* for plaintiffs in error.

*Bell & Fellows,* for defendant in error.

Opinion by ROBBERTS, C. This case comes from the district court of Tulsa county, and was an action to foreclose a real estate mortgage. The parties will be designated plaintiff and defendants, the same as below. The petition contained the usual allegations in foreclosure proceedings—prayed for judgment for $285, with interest and costs and foreclosure of mortgage. The defendants answered, in substance, as follows:

"First, a general denial. Second, the defendants deny that they borrowed any money from E. M. Brown. Third, that defendants did borrow and receive from Charles Bryan about the sum of $260, and that Charles Bryan, without the knowledge or consent of defendants, made the note and mortgage payable to E. M. Brown; that the note and mortgage was made for $285; that $25 usurious interest was charged defendants for the making of said loan contrary to law; that defendants paid $18.50 usurious interest after the execution of said note and mortgage, and that no credit was given for same; that a total of $43.50 usury was charged and received by plain-

tiff; that defendants in writing demanded the payment of the usurious interest, and payment was refused by plaintiff. Defendants prayed a counterclaim of $87 (double the usurious interest..charged) and $50 attorney's fee, as provided by the usury statute."

To the answer, the plaintiff replied by general denial. The execution of the note and mortgage, not being denied under oath, are admitted. The case was tried to a jury. The evidence was conflicting as to the amount of money actually received by the defendants, and also as to the payments made by them. The question of usury was involved under this head, but the entire matter was submitted to the jury, and their verdict for the plaintiff for $266.50, approved by the trial court, will not be disturbed here. In *A., T. & S. F. Ry. Co. v. Calhoun*, 18 Okla. 75, 89 Pac. 207, 11 Ann. Cas. 681, this court says:

"A verdict will not be reviewed as to the facts on appeal if there is sufficient evidence to support it."

As we view the case, the principal contention is as to the item of attorney's fees allowed by the court in favor of the plaintiff and taxed to the defendants. Neither the note nor mortgage contained a provision for attorney's fees, but the allowance was made by the court under the usury provision found in section 1006, Rev. Laws 1910, which reads as follows:

"In all cases where an action is brought by any person to recover the penalty prescribed by the preceding section, the prevailing party in such action shall be entitled to recover, as part of the costs, a judgment against the other party to such action for a reasonable attorney's fee in a sum not less than $10.00, to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs."

It is plain that the defendants set up the plea of usury. The court in allowing the fee to be taxed to the defendants must have found as a matter of fact that they failed in their plea in that behalf, and that the plaintiff was the prevailing party on the issue of usury. That finding of the court will not be disturbed by this court.

The judgment should be affirmed.

By the Court: It is so ordered.