MILLER et al. v. BURKETT.

No. 30696. Oct. 27, 1942.

Rehearing Denied Nov. 24, 1942.

*130 P. 2d 996.*

Holly L. Anderson, of Tulsa, for plaintiffs in error.

J. M. Hill, of Tulsa, for defendant in error.

PER CURIAM. This is an action in which the plaintiff, Norman Burkett,

sought to recover on 13 counts usurious interest charged, reserved, or collected on loans made by the defendants. The court held that all but five of the 13 counts were barred by the statute of limitations and entered judgment on the five counts for $46, after allowing a deduction of $22.50 which plaintiff owed the defendants.

The court allowed plaintiff an attorney's fee of $100. The defendants, George H. Miller and Edna Lind, doing business as Majestic Loan Company, have appealed from the judgment and raise two issues: (1) That the judgment is contrary to the evidence; (2) that the court erred in allowing an attorney's fee of $100.

The parties will be referred to by their trial court designation.

The first proposition cannot be sustained. The evidence substantially reveals that usurious interest was charged, reserved, and collected in a series of transactions, and the defendants' argument is addressed solely to the proposition that the court was bound to accept the testimony of the defendants' witnesses. The contention so made is untenable. The judgment is supported by the evidence.

15 O. S. 1941 § 268 provides for the allowance of a reasonable attorney's fee. This is not denied by the defendants. Two attorneys of the Tulsa Bar testified that in their opinion $100 was a reasonable attorney's fee. Defendants base their position on the statement of the trial court during the proceeding, but not incorporated in the journal entry, that he was of the opinion at one time that $50 would be a reasonable attorney's fee.

As we view the last above proposition, the finding of the trial court in its journal entry of judgment was that $100 was a reasonable attorney's fee. This amounted to the ultimate conclusion of the trial court in its judgment. It is the duty of the court to hear evidence and fix a reasonable attorney's fee for the prevailing party (McNeal v. Truesdell, 167 Okla. 602, 32 P. 2d 68; Carter v. Rubrecht, 188 Okla. 325, 108 P. 2d 546; Thorne v. Milliken, 57 Okla. 735, 157 P. 914; Kelly v. Brown, 55 Okla. 628, 155 P. 590; Bank of Buffalo v. Venn, 68 Okla. 43, 171 P. 450; National Credit Co. v. Franklin, 177 Okla. 417, 60 P. 2d 744; Wilkes v. Silverthorn, 181 Okla. 572, 75 P. 2d 428); and where evidence is heard and after such hearing the court fixes a reasonable attorney's fee, its decision will not be disturbed on appeal by the Supreme Court. Kelly v. Brown, supra; Sherwood v. Wise, 132 Wash. 295, 232 P. 309, 42 A. L. R. 1219; Maynard v. Maynard, 251 Ky. 246, 64 S. W. 2d 567, 91 A. L. R. 697; 7 C. J. Supp. p. 1080. In determining what sum will adequately compensate an attorney for his services, the court may properly consider the amount which is involved in the litigation, the intricacies of the facts and the law of the case, and every other fact or circumstance which will enable the court to fix a sum which will fairly compensate the attorney for his services. Deberry v. Cavalier, 113 Cal. App. 30, 297 P. 611; 2 R. C. L. Attorneys, § 145, p. 1059. An expression of the court during the proceedings is no part of the judgment, and the judgment as finally rendered shows from all of the record that the court considered and determined $100 to be a reasonable attorney's fee. We hold the court was justified in allowing the $100 attorney's fee.

There is a motion for judgment on the supersedeas bond. Judgment is granted for $46 with interest and the $100 attorney's fee, together with the costs, against the United States Fidelity & Guaranty Company, as surety on the supersedeas bond.

The judgment of the trial court is affirmed.

WELCH, C. J., and OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, BAYLESS, and HURST, JJ., absent.