## CLARK v. CLARK.

No. 33296. Feb. 1, 1949.

*202 P. 2d 990.*

Meacham, Meacham, Meacham & Meacham, of Clinton, for plaintiff in error.

Milton Keen, of Clinton, for defendant in error.

GIBSON, J. This action was instituted in the district court of Custer county on August 8, 1946, by D. J. Clark, as plaintiff, against Anna M. Clark, his wife, as defendant, for absolute divorce upon ground of gross neglect of duty and for further decree confirming articles of separation and property settlement theretofore executed by the parties. Defendant denies generally the alleged ground for divorce, admits the execution of the said articles but alleges that same were obtained through misrepresentation, do not reflect a just and fair division of the property accumulated by the joint efforts of the parties, and prays for an equitable division of the jointly acquired property.

Upon trial of the issues on June 6, 1947, plaintiff was awarded a divorce and a decree approving and confirming the articles of separation and property settlement. The court further adjudged that plaintiff pay the costs of the action and pay to the attorneys

for defendant the sum of $250 as attorneys' fees for their service to defendant in the case. Both parties appeal. Hereinafter D. J. Clark, defendant in error, will be referred to as plaintiff, and Anna M. Clark, plaintiff in error, will be referred to as defendant.

In defendant's appeal as grounds of error there is urged in substance: (1) That the decree of divorce is against the weight of the evidence; (2) that the decree confirming the property settlement is against the weight of the evidence; (3) that the court erred in sustaining the objection to defendant's offer to prove the value of the wheat crop harvested in 1946; and (4) that the court erred in fixing the amount of the attorneys' fees allowed.

In plaintiff's appeal the ground of error is, in substance, that the decree requiring plaintiff to pay the attorneys' fees and costs is without authority of law.

It appears from the evidence that at the time of the trial plaintiff and defendant, respectively, were aged 58 and 55 years. Both had been previously married but were without children. They became married in 1934, were divorced in 1936, and remarried in 1937. At the time of the latter marriage the parties executed an antenuptial agreement wherein, among other things, it was covenanted and agreed that divers tracts of land, therein described, and various promissory notes are and shall remain the separate property of the plaintiff; that any property acquired through their joint efforts shall be equally divided, and if same be real estate, that the title thereto must vest in the parties with one-half interest in each before same shall be deemed community property. At the time of the marriage the defendant was without property. The parties resided in Elk City, Okla., until in 1939, when they moved to a ranch in Ellis county, acquired by plaintiff some months before, where they resided thereafter. Differences between them

arose in 1943, and, becoming more acute, resulted in articles of separation and property settlement entered into January 8, 1946. The articles recite the existence of differences and the mutual consent and agreement of the parties to separate and live apart during the remainder of their lives in accordance with the terms thereof. Therein recognition is given of the operative force of the antenuptial agreement and, as conformable thereto, it is declared in substance: (1) It is agreed that the ranch in Ellis county was purchased with the proceeds of the sale of the separate property of plaintiff described in the antenuptial agreement and that same is and shall remain the separate property of plaintiff, free and clear of any claim of defendant, and that defendant will, by deed, quitclaim to plaintiff any interest therein; (2) it is agreed that the property jointly acquired by the parties is the equivalent in value of the sum of $4,000, and that defendant accepts $2,000 as in full of her interest in and to all of the property owned or acquired by said parties or owned by plaintiff; and (3) that after the date of the articles defendant will incur no liability for which plaintiff might become liable. The $2,000 was paid and accepted and the quitclaim deed executed and delivered.

The ground of the divorce awarded was gross neglect of duty. The evidence thereon concerning refusal of defendant to prepare meals, asking a salary for the performance of household duties and living apart from her husband in the home, was conflicting but it was clearly sufficient to sustain a decree. Under such circumstances it is an established rule in this jurisdiction that this court will not disturb the judgment on appeal. See Cates v. Cates, 194 Okla. 414, 152 P. 2d 261, and cases therein cited.

As ground for the alleged error of court in approving the property settlement, it is urged on authority of Montgomery v. Montgomery, 41 Okla. 581, 139 P. 288, and other cases, that it must

appear not only that the contract was entered into without misrepresentation, overreaching or fraud, but that same is equitable and just under all the circumstances. And it is contended same is not equitable or fair since (1) she is not provided a home to which she was entitled under the prenuptial agreement, and (2) that the $2,000 provided by the contract is less than one-half of the property accumulated during the marriage.

Under the terms of the antenuptial agreement the right of defendant to a home at expense of plaintiff was expressly limited to the period of their married life and it is therein further provided that if defendant does not remain a good and true and faithful wife or separates from the plaintiff, she is to have no property other than that owned by her at time of the agreement. In view of the terms thereof and the divorce decree, which determines the fact of defendant's gross neglect of duty, there is no basis for the alleged right to a home after the separation.

With reference to the amount of the property acquired after marriage, it is urged on behalf of defendant that same is not less than $10,157 nor more than $13,422, according to the method of computation. On behalf of plaintiff it is urged that there was no property jointly acquired during the marriage and that, as a matter of fact, plaintiff suffered considerable loss in his net worth during the marriage. The trial court held that it was a serious question whether there was any material increase in value over that of the property owned by the parties at the time of the marriage. The respective contentions are made largely on the basis of argumentative deductions from assumed as well as established facts and the intrinsic merit is not patent. Our examination does not disclose any tangible evidence of a substantial increase in value of the estate, and we hold there is no basis for the contention that defendant received under the separation agreement less than that to which she was entitled.

There is no merit in the contention that the court erred in excluding defendant's offer to prove the value of the 1946 wheat crop. The question to which it primarily applied was the fairness of the separation agreement. Such being true, it should bear upon the question of values that were or should have been the subject of consideration at the time thereof. To such effect we held in Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064:

"Fairness of husband's agreement to pay separate maintenance or alimony to wife must be determined in light of circumstances existing when contract was made, and change in husband's circumstances creating hardship or inability to perform is not a valid defense to wife's suit for installments due under contract."

The values properly within the contemplation of the parties at the time of the agreement are not to be enhanced or diminished by subsequent events for the purpose of determining the fairness of the contract.

As to the negotiations between the parties previous to the separation and settlement agreement, the defendant, quoting purported statements of plaintiff, testified:

"I am going to make a settlement with you and I have papers that I want you to go down there and sign and if you don't, I won't give you a dime. I am leaving you $2,000.00, if you don't sign you won't get anything, and I said, that is not enough to buy a home and that is what I want, and he said: 'The home will come later.' "

This statement is emphasized in defendant's brief. It is not urged that she relied upon such statement as assurance that a home would be provided later notwithstanding the omission to provide therefor in the contract nor that she was in any sense coerced thereby to sign the contract wherein there was no provision for the home. It is urged merely as a fact to be taken into consideration with other facts in determining whether the set-

tlement was fair and equitable. In view of what we have said, defendant had no right to a home at expense of plaintiff and no prejudice was suffered by reason of the failure to provide therefor in the contract. The trial court expressly found that there was no "undue influence, fraud, coercion, duress or anything that would tend to void the contract," and the finding is fully supported by the evidence. In absence of fraud, overreaching or unconscionable conduct, separation contracts entered into between husband and wife are valid and enforceable. Stark v. Stark, supra.

Concerning the judgment for attorneys' fees, from which both parties appeal, defendant contends the amount thereof is insufficient under the evidence and plaintiff contends that in view of the evidence there is no authority in law therefor.

Of the two attorneys called to testify, one testified that $475 would be a reasonable fee and the other testified that the amount thereof should be not less than $200 nor more than $500. Defendant contends that taking the testimony of the latter is meaning $400 and splitting the difference between that amount and the $475 fixed by the other witness, will reflect that under the undisputed testimony the fee should not be less than $437.50, which is $187.50 more than the $250 allowed by the court. In effect, it is contended that the court is bound by the testimony. In such situation the amount of the fee as well as the question of the allowance thereof is a matter within the judicial discretion of the court and may be fixed by it without the aid of expert testimony. Suttle v. Chadwell, 196 Okla. 298, 164 P. 2d 880; Miller et al. v. Burkett, 191 Okla. 521, 130 P. 2d 996. Where expert testimony as to the value of the service is introduced, it is incumbent upon the court to consider the same only in light of its own knowledge along with other pertinent facts before the court.

Plaintiff complains of the judgment against him for attorneys' fees and costs upon the sole ground that it is not consistent with the terms of the separation agreement which was provided by the court. The provision thereof relied on is that defendant agrees to incur no liability for which plaintiff may become bound. The contract reflects no recognition by defendant of plaintiff's right to a divorce nor of any fact upon which such could be predicated. By the institution of the divorce proceedings plaintiff compelled defendant to employ counsel to defend and prosecute her rights involved and it is by reason thereof the court is empowered to award judgment against plaintiff therefor. Cates v. Cates, supra.

Judgments affirmed.

DAVISON, C.J., ARNOLD, V. C. J., and CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.