Tom MURRAY, Plaintiff in Error,

v.

Darold EAGLE, Defendant in Error.

No. 37014.

Supreme Court of Oklahoma.

July 10, 1956.

A. E. Montgomery, Tulsa, and Hamilton & Kane, Pawhuska, for plaintiff in error.

R. M. Cowen, Tulsa, for defendant in error.

HUNT, Justice.

This is an appeal from the District Court of Tulsa County from that portion of a judgment in a partition suit involving a vacant 30 acres of land in the Pinehurst Addition near Tulsa Airport, which was owned in equal shares by the plaintiff, Darold Eagle, and the defendant, Tom Murray, wherein the court fixed an attorney fee and apportioned the same between the attorney for the plaintiff and the attorney for the defendant. The trial court allowed an attorney fee of $2,800, to be taxed as costs in the action, and allocated $2,000 of the fee to the plaintiff's attorney and $800 to the defendant's attorney, and the defendant, Tom Murray, perfected an appeal to this court. The defendant in the trial court is the plaintiff in error here and the defendant in error was plaintiff. The parties will be referred to herein as they appeared in the trial court.

Both parties to the partition suit elected to take the land at its appraised value of $27,400 and the land was advertised and sold at public auction to the defendant, Tom Murray, for the sum of $36,000. The sheriff's sale was confirmed and the deed and possession of the land was delivered to the purchaser. The plaintiff Eagle filed no motion for a new trial and did not appeal. The defendant's motion for a new trial was denied and he has appealed. Title 12 O.S.1951 § 1515 reads:

> "The court making partition shall tax the costs, attorney's fees and ex-penses which may accrue in the action, and apportion the same among the parties, according to their respective interests, and may award execution therefor, as in other cases."

The question of authority of the trial court to apportion the attorney fee between the attorney for the plaintiff and attorney for the defendant was incidentally referred to in the trial court and is referred to in the briefs of the parties herein, but the question is not presented or an issue in this appeal. The plaintiff did not appeal from the judgment and order of the court and in his brief herein urges that the decree and order of the trial court should be affirmed, and the defendant asserts that a division of the attorney fee is authorized.

The defendant, plaintiff in error here, sets up in his brief two specifications of error in which it is asserted that the amount of the attorney fee, as fixed by the trial court, is excessive and is contrary to the evidence and law, and further charges that the allocation of the fee was erroneous in that too large a percentage of the fee was allowed the attorney for the plaintiff and too small a percentage allowed for the defendant's attorney, and asserts that there was an abuse of discretion in fixing the attorney fee at $2,800. There was no controversy in the trial court as to the title and ownership of the land nor the right to a partition thereof. The attorneys cooperated in the proceeding and the only contest was with respect to the amount of the attorney fee and its division between the respective attorneys.

The plaintiff called two attorneys as witnesses on the matter of what was a reasonable attorney fee in the case. One of the witnesses was a member of the Fee Committee of the Tulsa County Bar Association, which fixed a schedule of legal fees, including partition actions. He testified that he considered a reasonable attorney fee in the proceeding to be a total sum of $3,850, based on a minimum fee of $250, plus 10% ($3,600.00) of the amount for which the property was sold. The other attorney called by plaintiff testified in his opinion

$3,600, 10% of the amount for which the property was sold, was a reasonable attorney fee in the matter.

The defendant called four attorneys as witnesses, including Mr. Montgomery, who was the original attorney for the defendant. Mr. Montgomery said $900 was a reasonable fee, the amount to be divided between the attorneys for the parties. Two other attorneys, as witnesses, said they considered $1,000 to $1,500 a reasonable fee. One thought the amount should be divided 55% to plaintiff's attorney and 45% to the defendant's attorney, while the other thought the fee should be divided on a 60-40 percentage basis. The other witness said $1,000 to $1,200 was a proper and reasonable fee in the matter. Amer.Jur. Vol. 5, Art. 190, p. 376, states in part:

"The services of an attorney, when rendered in litigation before the same court which is passing upon the value of such services, may, of themselves, constitute evidence from which the court alone, unaided by opinion of others as to value, or even in defiance of opinion evidence, may reach a conclusion."

The defendant, in support of his argument that the attorney fee was excessive, cites the case of Munroe v. Birdsey, 102 Fla. 544, 136 So. 886, 887, which involved a partition of 3000 acres of land of a value of $100,000.00, in which the trial court fixed the attorney fee at $4500.00 and the Supreme Court held the fee was excessive, and said:

"The question of attorney's fees is a very delicate one to treat, the law authorizing a fair, just, and reasonable compensation, comporting with the service rendered, but the elements that enter into the determination of such an amount are many and varied."

Another case cited by defendant is Mabry v. Mudd, 132 Neb. 610, 272 N.W. 574, 575, a partition action in which the property was sold for $58,100, and the trial court set the attorney fee at $5,810 but the Supreme Court held the fee was excessive and reduced the same to $1,500. In its opinion the court states:

"It is impossible for us to lay down a rule as to the allowance of attorneys' fees that would apply in all cases. The amount must necessarily be left to the sound judicial discretion of the trial court. * * * When the trial court fails to make a just and equitable allowance or apportionment of attorney's fees, it is for this court in a proper proceeding to say whether such failure amounts to an abuse of discretion, and when such an abuse exists to correct it."

The case of Miller v. Burkett, 191 Okl. 521, 130 P.2d 996, was an action to recover usurious interest under a statute which directs the allowance of a reasonable attorney's fee for the prevailing party. It is held in that case:

"In determining what sum will adequately compensate an attorney for his services, the court may properly consider the amount which is involved in the litigation and intricacies of fact and law, and every other fact or circumstance which will enable the court to fix a sum which will fairly compensate the attorney for his services."

In Hassell v. Workman, Okl., 260 P.2d 1081, 1084, this court affirmed the judgment of the lower court in a partition action and in its opinion stated:

"In Hargis v. Hargis, 181 Okl. 377, 73 P.2d 1129, we recognized the equitable nature of the decrees and orders of the District Court in partition cases and held that same will not be disturbed by this court in the absence of a showing of substantial prejudice caused thereby."

And the syllabus of the case is in part as follows:

"The decree and orders of a district court in partition actions will not be disturbed on appeal in the absence of a showing of substantial prejudice.

"Evidence examined, and held: That the judgment in this case * * * is

not clearly against the weight of the evidence nor shown to be prejudicial."

We have considered the record and evidence presented in this appeal and conclude and hold that the decree and order of the trial court in the matter of the allowance and apportionment of the attorney fee is not clearly against the weight of the evidence, nor does it show an abuse of discretion by the court, nor any substantial prejudice as against the defendant. The judgment of the trial court is affirmed.

JOHNSON, C. J., and CORN, DAVISON and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., dissent.