Willie D. DRIVER, Plaintiff in Error,

v.

Gilda Kanfield TOLSTORNOG and Fred Sokol, Defendants in Error.

No. 38349.

Supreme Court of Oklahoma.

Dec. 13, 1960.

N. E. McNeil, Jr., Pat Malloy, Tulsa, for plaintiff in error.

Philip N. Landa, Tulsa, for defendant in error.

PER CURIAM.

In plaintiffs' amended petition, it is alleged that defendant executed and delivered to them certain promissory notes and that they were both secured by real estate mortgages; that defendant is in default and there is due and owing on said notes the sum of $521.40. Plaintiffs prayed for a judgment in the sum of $521.40, interest thereon, attorney's fees and a further judgment foreclosing the mortgage liens.

In defendant's cross petition, he alleged he was unable to read and write, except his name, and was unable to compute interest; that he entered into an oral contract to borrow $500 from plaintiff, but actually received only $450; that he executed a note and mortgage to defendant to secure the loan; that he did execute and deliver other notes and mortgages but these instruments were executed without consideration and were fraudulently obtained as they were given to secure the original note; that he had paid plaintiffs $1,305 in cash; that by virtue of the cash received, the notes executed by defendant for interest and the interest on said notes, plaintiffs had charged and received $2,619.52 as interest on the original $450 loan; that by reason of the usurious charges he was entitled to double the amount so charged. Defendant prayed for judgment in the sum of $5,239.04 and a reasonable attorney's fee of $1,300.

A jury was empanelled and the issue as to whether usury had been charged, collected or reserved was submitted to the jury resulting in a verdict in favor of the defendant on his cross petition for the sum of $458.72. Further action was deferred on the verdict pending determination of the amount of attorney fees to be allowed the attorneys for the defendant. The court in a subsequent hearing determined the sum of $250 was a reasonable fee for the attorneys for the defendant and entered judgment for defendant on the cross petition for $458.72, together with $250 attorney fees. It also found the defendant was indebted to the plaintiffs on the notes in the sum of $458.72 and allowed $250 attorney fees to plaintiff and entered judgment in accordance with the findings and then entered an order offsetting each judgment against the other. After motion for new trial was overruled, the defendant perfected this appeal.

The defendant first contends the trial court erred in rendering judgment for the plaintiffs upon the notes after having submitted the question of the amount due thereunder to the jury which returned a verdict in favor of the defendant.

It will be unnecessary to elaborate on the pleadings or recite the testimony introduced except to say the evidence was very conflicting except as to the amount paid to plaintiffs by defendant which was agreed to be $1,305. However, it will be necessary to refer to the record as to what happened after the case was called for trial and during the trial, to adequately explain the conclusions reached herein.

Before the jury was empanelled, the attorney for the plaintiffs stated: " * * * the execution of the notes and the mortgages and foreclosure thereof are equitable matters for the Court to determine and that the usury part is probably a jury matter." To this statement the attorneys for the defendant remained silent and did not take the position that both matters should be submitted to the jury. Thereafter the trial court stated:

"Well, I guess we can hear all of it at the same time. Of course, the

Court will reserve judgment upon the foreclosure, taking in consideration the jury's verdict upon the cross petition."

Throughout the trial of the usury phase of the action, the trial court limited the evidence to this proposition. Twice during the introduction of testimony the trial court limited the examination of the witnesses to the question of usury. One time it stated: " * * * That is for the court to determine. The only thing in this action is your action for usury. I think we have to confine it to the issue that is material here." And again it stated: "We are getting back on the foreclosure now. That is for the court to determine."

At no place or time during the trial did the attorneys for the defendant take the position that the matter relating to the amount due on the notes, if any, should be submitted to the jury; they remained silent when plaintiffs' attorneys stated that the amount due on the notes was for the court to pass upon and only the question of usury was to be submitted to the jury; they made no objection when the trial court stated it would submit the question of usury to the jury and determine the question as to foreclosure after the jury reported on the usury phase of the case. They remained silent and took no action although they knew or should have known the question as to the amount due on the notes, if any, was being reserved by the court, to be decided by it without submitting this question to the jury. In other words, by their acts and silence, they acquiesced in the theory of the court that it was the court's duty to determine the amount due on the notes, if any, and that the question of usury was the only issue to be submitted to the jury. See Landrum v. Landrum, 50 Okl. 746, 151 P. 479; Jones v. Balsley, 27 Okl. 220, 111 P. 942; Federal Surety Co. v. Adams, 170 Okl. 445, 40 P.2d 1057; Glenn v. Yoder, 199 Okl. 106, 184 P.2d 455.

However, the defendant contends the court did submit to the jury the question as to the amount due, if any, on the notes by two paragraphs in instruction No. 1, and cites the following:

"These make up the issues as set forth in the pleadings of the parties. The issue to be submitted to you for your consideration and determination is the issues as made up by the amended cross petition of the defendant Driver, and the answer of the plaintiffs to the amended cross-petition of the defendant Driver. In this case the defendant and cross-petitioner occupies the place usually occupied by the plaintiff in an action, and the plaintiffs occupy the place usually occupied by the defendants.

"The issue that is submitted to you by the Court, and that is to be determined by you, is whether or not the plaintiffs charged the defendant and cross-petitioner usurious interest upon the promissory notes executed by the defendant and cross-petitioner to the plaintiffs."

An examination of the record discloses the above to be the last two paragraphs of the statement of the case and not instruction No. 1. It is apparent the trial court did not submit for consideration of the jury the amount, if any, due on the notes but submitted only the question as to whether the plaintiffs had charged usury. A further examination of all the instructions given by the trial court discloses the amount due on the notes, if any, was not mentioned in the instructions in any way or at any place but each and every instruction as to the issues was on the question of usury. In this connection defendant submitted ten requested instructions. All of these instructions, without exception, related to the question of usury and not one mentioned the amount, if any, that might be due on the notes.

We therefore hold the only question submitted to the jury was whether the transactions were usurious; that the question as to the amount due under the notes, if any, was reserved by the trial court for its final

determination and that the defendant, by the acts and silence of his attorneys acquiesced in this determination and cannot now be heard to complain. While it may have been the better practice to submit both questions to the jury, we cannot say the trial court erred under the circumstances, in handling the matter as it did.

The defendant also contends the award of $250 to him for attorneys' fees is inadequate, unsupported by the evidence, and contrary to all the evidence introduced. Two witnesses, both members of the bar in Tulsa, testified as to the value of the services rendered by the attorneys for the defendant and fixed the value of the services rendered by the attorneys for the defendant and fixed the value of such services from $800 to $1,000. The plaintiffs offered no evidence and the court thereupon fixed the fee as above.

In determining what sum will adequately compensate attorneys for their services, the court may properly consider the amount which is involved in the litigation, the intricacies of the facts and the law of the case and every other fact or circumstance which will enable the court to fix a sum which will fairly compensate the attorneys for their services. See Miller v. Burkett, 191 Okl. 521, 130 P.2d 996.

It is to be remembered the trial court is also an expert as to the value of the services of an attorney and when we take into consideration the plaintiffs were claiming only $521.40, and that the ultimate recovery of defendant on the claim of usury was only $458.72, we cannot say the fee as fixed by the court was not reasonable.

The judgment of the trial court is therefore affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

HALLEY and JACKSON, JJ., dissent.