## Ex parte MORSE.

No. 20158.   Opinion Filed Jan. 14, 1930.

RILEY, J. On February 18, 1929, petitioner was restrained of his liberty by the sheriff of Oklahoma county, whose only warrant and authority for such restraint was a temporary commitment issued out of the district court of said county. Said temporary commitment is based upon an accusation of indirect contempt of court arising from alleged failure to pay alimony in cause No. D-5446, styled Morse v. Morse, district court Oklahoma county. We find that petitioner appeared in said district court in response to citation upon said charge of indirect contempt and demanded a jury trial and a hearing. It further appears from allegations of the petition and a certified copy of the minutes of said court that, "there being no jury present and the case having been set for trial on its merits February 19, 1929, and the defendant having filed no response to the citation, is committed to jail until he complies with orders of the court to pay fees and temporary alimony heretofore or-

dered, and the further hearing of this motion is continued until February 19, 1929. Commitment issued."

A rule to show cause was issued out of this court on February 18, 1929. The sheriff of Oklahoma county had made return admitting custody of petitioner upon the purported authority as alleged, to wit, the temporary commitment, heretofore described.

The respondent pleaded release of petitioner upon bond, as by the rule directed, and further sayeth not.

Section 25, art. 2, Constitution of Oklahoma provides that:

"In no case shall a penalty or punishment be imposed for contempt until an opportunity to be heard is given."

An "opportunity to be heard," as used in the Constitution and as there prescribed a condition precedent to imposition of punishment or a penalty, is synonymous with "hearing." "Hearing," as used, "contemplates a listening to facts and evidence for the sake of adjudication". Webster's New Int. Dictionary. "Hearing" is defined as the examination of a prisoner and of the witnesses for accused. Bouvier Law Dict. vol. 2, p. 1429; Cyc. Law Dict. p. 435; Black, Law Dict. 562; State v. Rogers, 31 N. M. 485, 247 Pac. 828.

The petitioner having insisted upon a hearing as provided by law and not having been afforded one, there was no authority by which he could be confined. The rule heretofore issued is made permanent. The bond given upon the release of petitioner is exonerated.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS. JJ., concur. LESTER, V. C. J., absent, not participating.

Note.—See under (1) 6 R. C. L. p. 522; R. C. L. Perm. Supp. p. 1750. See "Contempt," 13 C. J. § 113, p. 78, n. 10; p. 79, n. 12.