I. V. OWENS and George Olson, Owners of Land Within the Boundaries of the Tri-County Turkey Creek Conservancy District No. 21, on their own behalf and on behalf of all other owners of land similarly situated, Plaintiffs in Error,

v.

TRI-COUNTY TURKEY CREEK CONSERV-ANCY DISTRICT NO. 21, in Jackson, Harmon, and Greer Counties, Oklahoma, Defendant in Error.

No. 41281.

Supreme Court of Oklahoma.

Sept. 27, 1966.

Stuart H. Russell, Oklahoma City, for plaintiffs in error.

Kerr & Kerr, Altus, for defendant in error.

DAVISON, Justice.

There is involved here the validity of judgments entered in the District Court of Jackson County creating Tri-County Turkey Creek Conservancy District No. 21, hereinafter referred to as "District," in Jackson, Harmon and Greer Counties and approving plan for work and improvement. Plaintiffs in error will be referred to herein as "protestants" and defendants in error as "proponents" same being the relationship they bore to each other in the trial court.

Proponents on August 21, 1959, filed in the Supreme Court of the State of Oklahoma, in cause No. 38836, a petition seeking the establishment of the "district" including lands located in Jackson, Harmon and Greer Counties. This court, on August 24, 1959, entered an order assigning the cause to the District Court of Jackson County for hearing and trial. The petition was signed by 99 landowners in Jackson County, 69 in Harmon County, and 29 in Greer County, making a total of 197 signers.

It was alleged that these signers compose 25% of the owners of land in the effected area. A map of the proposed area is attached to the petition. The petition complied with all requirements of Title 82, Sec. 542, O.S.1951.

The cause was set for trial in the District Court of Jackson County on September 29, 1959. Notice by publication was given as required by Title 82, Sec. 544, O.S.1951. The trial court entered a judgment creating the conservancy district as a legal entity and appointed directors. On August 22, 1963, the district filed in the case a work plan requesting the court to approve the plan for the development of the district. Notice was given interested parties as required by Title 82 O.S.1951, Sec. 565. A few protests were filed to the plan by parties other than the present protestants. The trial court on October 4, 1963, held a hearing and entered an order denying the protests and approving the plan as the official plan for handling the affairs of the district.

The present protestants on April 20, 1964, and on April 23, 1964, filed motion and amended motion to vacate the judgment of the court entered on September 29, 1959, establishing the district and judgment entered on October 4, 1963, approving the work plan.

The pertinent portions of the amended motion to vacate are as follows:

"THE DISTRICT COURT IN AND FOR JACKSON COUNTY, OKLAHOMA, DID NOT, DOES NOT, AND HAS NEVER HAD JURISDICTION OF THIS CAUSE OF ACTION.

"A. The original Petition did not contain the required percentage of signatures under 82 O.S.A. 542 to grant jurisdiction to this Court.

"B. A substantial number of the signatures on the original Petition filed to create the District were obtained by means of false and fraudulent representations.

"C. A substantial number of the signatures on the original Petition were secured on a blank form to which neither the Petition filed in this Court, nor any other, was attached.

"D. A substantial number of the signatures on the original Petition were not, in fact, signed by the persons whose signatures they purport to be.

"E. The Court did not check the tax duplicate receipts to ascertain jurisdiction, as required by 82 O.S.A. 542.

"F. Notice of the hearing on the 29th of September, 1959 to establish the District was not given in the manner required by 82 O.S.A. 544 nor was notice of the hearing to approve the Work Plans and Specifications on the 4th day of October, 1963 given in the manner required by statute.

"G. If the statutory notice requirements described in Subparagraphs E and F supra, were given, said notices were still not sufficient to grant jurisdiction of this Court over the petitioners herein, under the requirements of the laws of the State of Oklahoma.

"II. THE CONSERVANCY DISTRICT LAW OF OKLAHOMA, 82 O.S.A. 531–687 IS UNCONSTITUTIONAL UNDER THE PROVISIONS OF BOTH THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND THE CONSTITUTION OF THE STATE OF OKLAHOMA."

Proponents filed a motion to dismiss the amended motion to vacate reciting that the motion constitutes a collateral attack on the

final judgment of the court and that the Act of the Legislature authorizing the establishment of conservancy districts is constitutional.

The trial court sustained the motion of proponents to dismiss the motion to vacate but permitted the protestants to make an offer of proof of the evidence they intended to use in support of their motion to vacate. Summarized such proffered proof is as follows: Petitions signed by twelve individuals owning property, protesting the establishment of the district. Seven of the signors did not sign the original petitions. The remaining five stated they signed the original petition because of misrepresentation of facts by the circulator. Protesting petition signed by ten individuals not owning property in the district but owning property affected by the establishment of the district. Verified documentary report of examiner of questioned documents reciting irregularities in support of challenges to 43 signers of the original petition.

■ An appeal to the Supreme Court from an order refusing to establish a conservancy district or establishing a conservancy district may be taken within 60 days and unless appeal is taken within 90 days from an order establishing the district the order becomes binding and final, except as to jurisdictional questions. Title 82 O.S. 1961, Sec. 545 reads:

"* * * Any petitioner may, within sixty (60) days after the refusal, appeal from an order refusing to establish or establishing such district, to the Supreme Court of the State of Oklahoma, upon giving bond in a sum to be fixed by the Court. After an order is entered establishing the district, such order shall, unless appeal be taken within ninety (90) days, be deemed final and binding upon the real property within the district, and shall finally and conclusively establish the regular organization of the said district, except as to jurisdictional questions, against all persons, except the State of Oklahoma upon suit commenced by the Attorney General. * * *"

No appeal was prosecuted to this court from the judgment of the trial court establishing the district or approving the work plan.

In Bridal v. Cottonwood Creek Conservancy Dist. No. 11, Okl., 405 P.2d 17, writ of certiorari denied by the U.S. Supreme Court, December 13, 1965, this court said:

"Where, in the order establishing the district, the court made a finding claimed to be error, but not claimed to be a jurisdictional one, said error, if any, constituted no cause for disturbing the order or dissolving the district, where no appeal was taken from it within 90 days after its entry."

■ Although referred to as involving jurisdictional questions A, B, C, D, E of paragraph 1 of the amended motion to vacate and the proffered proof offered in support thereof do not involve jurisdictional questions but relate to matters protestants were required to present at the trial of the case. Protestants will not be permitted to present these questions by motion to vacate filed more than four years after the establishment of the district and the accrual of rights and obligations by the individuals involved in the establishment of the district.

A careful examination of proof proffered in support of the allegations of the motion to vacate convinces us that had the court permitted the introduction of such testimony it would have been insufficient to justify the court in altering or modifying its judgment establishing the district.

■ In F. and G. Paragraph 1 of the motion to vacate protestants contend that notices of the two hearings involved were insufficient to confer jurisdiction on the court. We have examined this portion of the proceedings. The notices given complied with the provisions of Title 82 O.S. 1951, Sec. 544, and Title 82 O.S.1961, Sec. 544, relating to notice required and were sufficient to confer jurisdiction on the

court. Bridal v. Cottonwood Creek Conservancy Dist. No. 11, supra.

 Lastly protestants contend that the Conservancy District Law of Oklahoma, Title 82 O.S.1961, Secs. 531–687, is unconstitutional for the following reasons:

"A. The Conservancy District Law constitutes a delegation of the Legislative power of the Oklahoma State Legislature to the Judiciary, in that said Conservancy District Law does not establish any criteria or standards to be followed by the Court in approving or disapproving the establishment of the Conservancy District, in approving or disapproving boundaries of the Conservancy District, or in approving deletions from or additions to the Conservancy District.

"B. The Conservancy District Law is vague, indefinite, and ambiguous, in that it does not provide the criteria or standards enumerated in Paragraph A above, and for the further reason that to the extent that standards or criteria are provided by the law, they are in conflict with other provisions of the same law, in conflict with the provisions of other laws of the State of Oklahoma, and that the boundaries of the Conservancy District approved by this Court are contrary to the provisions of 82 O.S.A. 542.

"C. The Conservancy District Law provides that Districts created pursuant to said law shall be private corporations, not instrumentalities of the state government, and thereafter delegates to said private corporations both the taxing power of the State of Oklahoma and the power of eminent domain, in violation of the Constitution of the State of Oklahoma, and the laws enacted by the Legislature pursuant thereto.

"D. The Conservancy District Law is unconstitutional, in that it denied due process of law to the owners of land within the Conservancy District, by failure to provide for legal notice of hearings as required by the applicable law, and by denying said owners of land the right and the opportunity to present evidence in opposition to the creation of a Conservancy District or the approval of the Work Plans and Specifications submitted by such a District."

These same contentions were presented in Bridal v. Cottonwood Creek Conservancy Dist. No. 11, Okl., 405 P.2d 17, supra, wherein we held the said statute constitutional. No new arguments are presented in the present appeal. We adhere to our decision in Bridal v. Cottonwood Creek Conservancy Dist. No. 11, supra.

Title 82 O.S.1951, Secs. 531–687, is again declared constitutional.

The judgment of the trial court is affirmed.