**William Benton BARNETT, Appellant,**

**v.**

**Helen BARNETT, Appellee.**

**No. 4229.**

District of Columbia Court of Appeals.

Argued May 13, 1968.

Decided June 25, 1968.

---

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before MYERS, KELLY and FICKLING, Associate Judges.

MYERS, Associate Judge:

In April 1962, appellee, a resident of New Jersey and at that time the wife of appellant, initiated an action under the Uniform Reciprocal Enforcement of Support Act in that state [1] seeking support for herself and their two minor daughters in her custody. The case was referred to the Domestic Relations Branch of the District of Columbia Court of General Sessions for enforcement against appellant, a resident of this jurisdiction.[2] Following a hearing, the trial judge directed appellant to pay, through the Chief Deputy Clerk of the Domestic Relations Branch, $20 a week for the support of his wife and their two minor children.[3] In the ensuing years, appellant's payments were sporadic and he was almost constantly in arrears. On several occasions, because of his delinquency, contempt motions were filed against him and the original order was amended so as to remove appellee's name therefrom and to change, from time to time, the amount awarded for the children.

In August 1964, appellant filed a motion to reduce, setting forth his current income and obligations and alleging his remarriage and birth of a child. Following a hearing, the trial judge found that there was a change in appellant's financial circumstances entitling him to temporary relief in the matter of prospective support, and, by order dated September 22, 1964, reduced the weekly payments from $35 to $25, and directed that appellant pay an additional $5 to discharge accumulated arrearages. Appellant admittedly made no payments after January 1966.

---

1. N.J.S.A. 2A:4-30.1 to 2A:4-30.23.

2. D.C.Code, 1967, § 30-301 et seq.

3. Appellee and her children had been receiving public assistance since 1950. At the request of the New Jersey authorities, appellant's payments were forwarded to the Middlesex Probation Department for transmission to the County Welfare Board.

In August 1966, appellant filed another motion to reduce. At the conclusion of the hearing on this motion, the trial judge found that the older of the two children, Barbara, was "temporarily emancipated by her employment," but that appellant had failed to prove any changed circumstances warranting a reduction in the amount of support for the younger child, Helen, then aged seventeen. By order dated October 17, 1966, the trial judge directed, *inter alia,* that Barbara's name be removed from the order of September 22, 1964, and that appellant continue to pay $25 a week, designated to be for the support of Helen only. It is from this action that the present appeal is taken.

Primarily, appellant charges that the decision was not based upon the evidence adduced but was the result of the personal bias and prejudice of the trial judge toward appellant's counsel which prevented an impartial and fair consideration of the merits of appellant's motion. In the light of this claim, we have carefully reviewed the transcript of the proceedings below. Concededly, it reflects some irritation and exasperation on the part of the trial judge stemming from the persistence of appellant's counsel in continuing his argument and objections to the adverse findings and rulings of the trial judge. But despite the heated and somewhat intemperate exchanges between judge and counsel, we do not think they justify the conclusion that the ultimate decision was the result of prejudice or hostility on the part of the trial judge, nor do we think his behavior such a deviation from proper judicial demeanor as to require a new hearing. In our opinion the case was fairly tried.

It is also our opinion that the findings were based upon competent evidence in the record. Substantiating the need of Helen for her father's continued support was the undisputed fact that the child was badly in need of dental care and suffered from a medically correctable hearing impairment. By appellant's own admission, $25 a week was not adequate even for her medical needs. Although the father testified that the child had been expelled from school and possibly had secured weekend employment, it was not established that her income was sufficient for her support and medical care.

Appellant maintains that both appellee and his younger daughter had orally agreed to waive any further support from him. Even assuming this to be so, a father's obligation to support a minor child cannot be waived by agreement between the parents. Webb v. Daiger, D.C.Mun. App., 173 A.2d 920, 922 (1961). Similarly, a child may not, because of its minority, waive its right to support until reaching majority, which is twenty-one years of age. Jones v. Jones, 63 App.D.C. 373, 72 F.2d 829 (1934), or is otherwise emancipated. Such extenuating factors do not exist here.

While the court is always open to application by either party for a reduction of or an increase in support, the burden is upon the party seeking a change to show by competent evidence a change of conditions justifying a modification. Tuthill v. Tuthill, D.C.App., 198 A.2d 905, 906 (1964). See also Armstrong v. Armstrong, D.C. App., 241 A.2d 735 (decided May 13, 1968). Appellant failed to carry that burden. He presented no evidence of his income and present obligations or his inability to make the payments specified. Not having shown himself entitled to a reduction in support, Grand v. Grand, D.C.Mun.App., 163 A.2d 556, 557 (1960), he cannot complain that the trial judge abused his discretion or exhibited prejudice in denying his motion to reduce.

We have also considered other errors alleged and find them without merit.

Affirmed.