In re CONSERVANCY DISTRICT NO. 5, LINCOLN COUNTY, Oklahoma.

Glenn O. YOUNG, Grace A. Duncan et al., Plaintiffs in Error,

v.

Lloyd JAMES and All Other Petitioners and Robinson Creek Conservancy District No. 5 of the State of Oklahoma, Defendants in Error.

No. 42170.

Supreme Court of Oklahoma.

April 28, 1970.

Rehearing Denied July 21, 1970.

880

Erwin & Erwin, Chandler, for plaintiffs in error.

Glenn O. Young, Sapulpa, pro se and for other plaintiffs in error.

James & Butts, Stroud, for defendants in error.

McINERNEY, Justice.

This is an appeal by protestants to the formation of a conservancy district in Lincoln County, Oklahoma, from an order of the trial judge establishing the district under the provisions of 82 O.S.1961, § 531 et seq. We summarize the errors urged as (1) failure to hold the conservancy statutes unconstitutional; (2) the district court's finding that it had jurisdiction of the parties and of the subject matter; (3) failure to count owners of easements and of rights-of-way as owners of land; (4) excluding certain evidence; (5) improperly permitting and denying the filing of petitions; (6) finding that 51% of owners of land area and 51% of landowners in the district were valid petitioners; and (7) charging fees of petitioners as witnesses and the sheriff's costs for service of subpoenas on them to protestant, Glenn O. Young.

In Owens v. Tri-County Turkey Creek Conservancy District No. 21, Okl., 418 P.2d 674, 678 (1966), this court held that 82 O.S.1951, §§ 531–687 is constitutional. We find no merit in protestants' contention that the 1963 amendment to § 542 providing that "names of the owners of land as shown on the tax roll of the county shall be conclusive for all purposes of this Act" renders the entire Act unconstitutional. We adhere to the rule announced in *Owens* regarding the constitutionality of conservancy districts for the reason stated therein. The Conservancy Act of Oklahoma, 82 O.S.1961, § 531 et seq. is constitutional. Owens, supra; In re Conservancy District No. 37, Okl., 398 P.2d 525 (1964); Bridal v. Cottonwood Creek Conservancy District No. 11, Okl., 405 P.2d 17 (1965).

Protestants challenge the order establishing the Conservancy District, on asserted constitutional grounds, based on the appraisal of benefits and assessment provisions of the Act, §§ 601–649. The order establishing the Conservancy District creates no liability or liens and imposes no taxes. To the extent that future orders may impose specific burdens which protestants claim would impair their constitutional rights, the constitutional question asserted will not be considered until, and if, a later order is, in fact, entered. Protestants challenge on these grounds is premature. In re Central Oklahoma Master Conservancy District, Okl., 359 P.2d 725 (1961); In re Mayes-Rogers Counties Conservancy District Formation, Welker v. Barnes, Okl., 386 P.2d 150 (1963).

Protestants contend that notice by publication is not sufficient to confer jurisdiction on the court. We held that such notice is sufficient in Owens v. Tri-County Turkey Creek Conservancy District No. 21, supra, and we reaffirm that holding. Protestants also complain that, while § 544 of the Act requires the district court to fix the date for the hearing on the petition, the court clerk fixed the hearing date in this case, thereby invalidating the notice. We find nothing in § 544 or elsewhere in the Act making such a requirement. Protestants assert that the notice failed to conform to the statutory requirement, but they fail to indicate in what particular, and we are unable to see the lack of conformity.

Protestants urge that the trial court's finding that the jurisdictional requirement as to the number of petitioning landowners had been satisfied is in error because based upon evidence of title other than upon the tax rolls of the county. This argument is based upon language in § 542, as amended in 1963:

"In determining when a sufficient number of landowners have signed the petition, the names of the owners of land as shown by the tax roll of the county shall be conclusive for all purposes of this Act except that any successor in title to any owner so shown may sign for such person or persons named in the tax roll if it be appropriately indicated, * * *."

The statutory exception clearly indicates that the district court may resort to other evidence to discover successors in title to

those appearing on the tax roll. There may be a need for evidence as to other factors affecting the existence or nonexistence of the requisite number of petitioners. We fail to find a constitutional deficiency in § 542. There is no merit to this contention.

In their "Sixth Principle of Law", protestants state that "all owners of property rights at the time of the judgment in a proposed Conservancy District who will be affected by assessments must be counted as landowners for or against the petition", and contend that the owners of all easements and rights-of-way are owners of land which must be counted. It is not demonstrated, and, in fact, is unlikely, that easements and rights-of-way will be affected by assessments.

We held in In Re Conservancy District No. 37, Okl., 398 P.2d 525 (1965) that mineral owners should not be counted in computing the number or percentage of landowners or of land area. The opinion reasoned, on page 527, after reviewing the purpose of conservancy districts, that (1) the owners referred to in § 542 means surface ownership evidenced by a tax duplicate, and (2) the protest referred to in § 545 is the percentage of the area of land in the proposed district. The myriad ownership of mineral interests neither paying taxes nor affecting the area of surface land was held to be not intended by legislative intent to be included in ownership and area computation.

The same reasoning applies here to easements and to rights-of-way which do not increase the acreage to be computed and are not reflected as separate surface ownership subject to taxation. The land surface may be burdened by easements or rights-of-way immune from taxation or assessment, which numerically could outnumber the surface owners, thus keeping from the surface owners any benefits contemplated by the conservancy act. We do not believe this was the intention of the Legislature in § 542. Section 531 includes certain easements and rights-of-way under the definition of "land" or "property" which, we believe, is to protect these interests against damage rather than to include these interests separately in the computation of "landowners" and "land area" required for the petition by § 542.

The trial court properly excluded the proffered evidence of a contract for the purchase of land included in the district. The purpose of this evidence was to disqualify the signatures of the owners of legal title. The signing of a contract to purchase does not vest legal title in the purchaser. Protestants' citation of authority to the effect that such a contract vests equitable title is not in point. Only the owner of the legal title is qualified as a petitioner.

Likewise, the court properly struck the paragraph from the amendment to the protest attempting to plead fraud in the procurement of petitioners' signatures. It failed to allege facts amounting to fraud. Weston v. Acme Tool, Okl., 441 P.2d 959, 962 (1968).

Protestants have objected to the trial court's action in permitting additional petitioning signatures to be filed after the date originally set for the hearing and including the day on which the hearing actually was held. Section 542 provides that petitions may be filed prior to the first hearing. Section 545 contains essentially the same provision as to protestants. The word "hearing" is defined as "a listening to facts and evidence for the sake of adjudication." Ex parte Morse, 141 Okl. 75, 284 P. 18 (1930). Setting a case for trial is not a hearing. Also, it is not a hearing if the court continues the case without presentation of facts and evidence. The additional signatures properly were received.

For the same reasons, the court did not err in not receiving additional protests after the date of the hearing. Under the above cited sections of the Act, the cut-off date for both petitioners and protestants is the same—the date of the hearing.

Protestants complain that the trial court did not correctly compute the number of petitioners or the amount of acreage included in the district. The court found that there were 73 owners of 4289 acres within the district and that 44 owners of 2473.71 acres had signed the petition on file. Based on our examination of the evidence in the record, we are unable to conclude that the trial court's determination is erroneous or clearly against the weight of the evidence.

Protestant Young's objection to taxing to him costs of witness and sheriff's fees, in respect to certain petitioners summoned by him as witnesses, must be denied. The proceeding for the formation of a conservancy district is one of· the "other actions" in which "the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." 12 O.S.1961, § 930. This section has been applied to special proceedings. Rand v. Nash, 174 Okl. 525, 51 P.2d 296 (1935); Kent v. Board of County Com'rs, Labette County, 42 Kan. 534, 22 P. 610 (1889), construed the Kansas statute, adopted by Oklahoma as § 930, supra. The Kansas court stated that the legislature obviously intended "that costs should be awarded in every case." Title 82 O.S.1961, § 545 directs the court, in this proceeding to render the judgment as "justice and equity require." We see no abuse of judicial discretion in taxing the witness fees and the sheriff's costs to the party requiring the attendance of the witnesses.

·The objection that those petitioners, as parties who were summoned as witnesses, were not entitled to witness fees is untenable. The persons summoned did not appear as witnesses for themselves, but for protestant and under his compulsion. The very statute upon which he relied to invoke that compulsion provides that the adverse party may be compelled to testify "in the same manner, and subject to the same rules, as other witnesses." 12 O.S.Supp. 1965, § 383. In our opinion this entitles him to witness fees, when so summoned, just as are other witnesses.

Affirmed.

All the Justices concur.