Gary Kenneth HENSON *v.* William L. MONEY
and Betty Sue MONEY

81-70                                    617 S.W. 2d 367

Supreme Court of Arkansas
Opinion delivered June 22, 1981

*Barron, Coleman & Barket, P.A.*, for appellant.

*David L. Stubbs*, for appellees.

John I. Purtle, Justice. The Probate Court of Desha County approved the adoption of Gary Kenneth Henson, II, by William L. Money and his wife, Betty Sue Money, the natural mother of the adopted child. The natural father, Gary Kenneth Henson, appeals and argues that the trial court erred in granting the petition for adoption without his consent because the appellees did not establish by clear and convincing evidence that the appellant failed significantly to support the minor child without justifiable cause for a period of more than one year. We granted certiorari to the Court of Appeals after it affirmed the probate judge by a 3-3 vote. We cannot find that the Court of Appeals or the trial court committed reversible error.

The facts reveal that Gary Kenneth Henson, II, was born on May 19, 1970, to the marriage of Gary Kenneth Henson and Betty Sue Henson (Money). The parents of said minor were divorced in the District Court for Tulsa County, Oklahoma, on July 28, 1972. Custody was granted to the mother with reasonable rights of visitation granted to the father, and the father was ordered to pay $100 per month child support. In the early part of 1973 Betty Sue Henson (Money) moved to North Little Rock, Arkansas, and took the child with her. She married William L. Money on April 24, 1974.

The visitation rights of the father were seriously restricted when the mother took the child with her in her permanent move to Arkansas. In May of 1973 the appellant filed a motion in the Tulsa district court in which he sought reduction of child support and rearrangement of visitation rights. He was not successful in either effort. In fact, the

court required appellant to pay medical expenses of the child in addition to the support he was already paying and to pay the support through the court registry.

Shortly after the hearing on the decree in the Tulsa district court the appellant moved to Houston, Texas. The record reveals that during the time the appellees claim the appellant failed to significantly support his minor child the appellant was earning in excess of $30,000 per year. By the time of the trial his annual earnings were in excess of $40,000. The appellant alleges the mother interfered with his attempts to visit the child and to talk with the child by telephone. The mother denies any interference on her part except one instance where visitation was refused when the natural father appeared unannounced at the door of appellees' home after the petition for adoption had been filed.

In April of 1979 the appellees filed a petition for the adoption of the minor child. The petition alleged that the appellant had paid 64 months out of 67 months prior to February 15, 1978. They alleged and proved that appellant made no payment between February 15, 1978, and February 8, 1979. This is obviously 51 weeks and one week short of a year. Subsequent to the appellees filing their petition for adoption the appellant has paid $1,900 during an 18-month period.

The broad issue in this case is whether it was necessary to have the father's consent to the adoption. The consent of a parent is unnecessary when it is proven that the parent has failed significantly to support the minor child and that there is no justifiable cause for the failure to support for a period of at least one year. Ark. Stat. Ann. § 56-207(a)(2) (Supp. 1979). The narrow issues to be decided here are whether there was significant failure to support, and if so, whether the failure was justified. There is no question that prior to adoption of the Uniform Adoption Act (Acts 1977, No. 735) it was much more difficult to adopt a child than it is under the Uniform Act as adopted in 1977. We have interpreted the Uniform Adoption Act in two recent cases. The first case was *Harper* v. *Caskin*, 265 Ark. 558, 580 S.W. 2d 176 (1979). In *Harper* we upheld the probate court in refusing to hold the

natural father's consent was unnecessary in the matter of the adoption of his minor child. There we held that the adopting parent, acting without the consent of a natural parent, bears the heavy burden of proving by clear and convincing evidence that the parent has failed significantly and without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree. The holding was that under the circumstances of the case, the father's failure to significantly support was justified.

The next case which we considered at length under the new adoption act was that of *Pender* v. *McKee*, 266 Ark. 18, 582 S.W. 2d 929 (1979), where there had been some visitation and some support paid by the father. In *Pender* we affirmed the probate judge who granted the adoption without the consent of the father upon finding that the natural father did not have justification for his failure to support the child. In *Pender* we stated:

> The question was whether the father has "failed significantly" for a period of one year to support his child "without a justifiable cause." "Fails significantly" certainly does not mean "failed totally." It only means that the failure to support must be significant as contrasted with an insignificant failure: It denotes a failure that is meaningful or important.

We also held that resumption of support payments, whether before or after a petition for adoption has been filed, will not act to "redeem" the delinquent parent and start a new one-year period under the statute.

In the present case it is undisputed that for a period of 51 weeks no support was paid by the natural father. There would seem to be no question that such support was not significant for a period of one year. The question then becomes whether his failure to support was justified. The trial court found that the failure was not justified. We review the case *de novo* but conform to Arkansas Rules of Civil Procedure, Rule 52, which requires a reversal only if the decision is clearly erroneous. From the record we are unable

to state that the trial court was clearly in error. It appears that appellant simply refused to make the payments in order to get even with the appellees for interfering with his visitation rights. It would have been a fairly simple matter for the appellant to have gone into the district court in Tulsa for the purpose of compelling his ex-wife to abide by the terms of the decree. That he was not ignorant of judicial process is shown by his attempt, in 1973, to reduce his support payments and change his visitation. This is a case where it is clearly shown that two wrongs do not make a right. The duty to pay child support is independent of the duty of the custodial parent to allow visitation, as both may be enforced by the courts.

Considering the record in this case, we believe that the trial court held the appellees to their burden of proving by clear and convincing evidence that the appellant had failed significantly and without justifiable cause to support the child for a period of one year.

Affirmed.