Beverly Ann HESTER, Appellant,

v.

Lee James HESTER, Appellee.

No. 56020.

Supreme Court of Oklahoma.

May 10, 1983.

Brian M. Dell, Oklahoma City, for appellant.

Jerry Dick, Oklahoma City, for appellee.

HODGES, Justice.

The novel issue presented is whether entitlement to child support is contingent upon visitation with the child. Other questions are: whether orthodontic bills are covered by a provision in the divorce decree that requires the father to pay one-half the doctor bills; and if the trial court erred in requiring the litigants to each pay his/her attorney fees.

Beverly Ann Hester (appellant-mother), the custodial parent, cited Lee James Hester (appellee-father), the noncustodial parent, for contempt for failure to pay child support and one-half of the parties' child's orthodontist bills. In response, the father filed a motion to modify the divorce decree to terminate child support payments, and demurred to the citation. He argued that the decree which ordered him to pay "one-half of the necessary doctor and medical bills," did not include orthodontist bills because orthodontists are not doctors; he alleged that he consented to the child's adoption; and denied that he was obligated to make child support payments because the child refused to visit with him.

The trial court sustained the father's demurrer to the citation; found the father not guilty of contempt; ordered each party to pay his/her own attorney's fees; ordered the father to pay his child support arrearage; terminated the father's obligation to pay child support "until the mother permits and the child exercises her rights to visitation with the father;" and held that orthodontic bills are not "doctor bills" under a

provision of the divorce decree that required the father to pay one-half of all the necessary doctor and medical bills of the child. During the pendency of this appeal, the mother requested and the trial court awarded $100.00 per month as child support pendente lite. The mother sought rehearing of the finding that the father was not required to pay his ordered share of the orthodontist's bill; that the father was not obligated to make child support payments until visitation was exercised, and refusal of the trial court to award attorney fees to her. The mother did not ask that the issue of the guilt of the father be reconsidered either on rehearing or in her petition for certiorari.

I

The father argues that he should not have to pay child support until he is permitted to exercise his right of visitation. *Irby v. Irby,* 629 P.2d 813 (Okl.App.1981) is cited in support of his position. In *Irby* the children were removed from the state by the custodial parent without the trial court's permission. The Court of Appeals held that the trial court had the power to terminate child support payments, or hold them in abeyance, if the mother unjustifiably refused to honor the father's right to visit. For the reasons hereafter expressed, *Irby v. Irby* is overruled. The welfare of the child is paramount, and the duty of a non-custodial parent to support his or her child is contingent upon the needs of the children. It is not dependent upon the opportunity of the parents to exercise visitation privileges. Whether the children refuse to see the non-custodial parent, either on their own volition or as a result of the explicit or implicit urging of the custodial parent, there is no justification in subjecting the children to possible hardship because of the interference of the custodial parent.[1] A minor child cannot waive the right to support and refusal of the child to visit the non-custodial parent does not release the parent from the obligation to

---

1. *Dooley and Dooley,* 30 Or.App. 989, 569 P.2d 627, 629 (1977).

make support payments pursuant to the decree of divorce.[2]  The duties of support and visitation are not interdependent and should be separately enforced.[3]

■  Visitation is primarily for the benefit of the child,[4] and ordinarily a support order must be paid even if the custodial parent wrongfully denies the non-custodial parent's right to visitation.  The custodial parent's misconduct cannot destroy the child's right to support,[5] nor may child support payments be used as a weapon to force a child's visitation with a non-custodial parent.[6]  The duty to support one's minor child is a continuing obligation.[7]  Entitlement to child support is not contingent upon visitation rights.[8]

## II

■  The trial court found that orthodontic bills were not doctor bills and, therefore, the father was not responsible for paying his proportionate share.  We do not agree.  Doctor is commonly defined as "one skilled or specializing in healing arts; esp. a physician, surgeon, dentist, or veterinarian licensed to practice his profession."[9]  A dentist is also one of the six classes of persons involved in the healing arts who may use the word "doctor", according to 59 O.S.1981 § 725.2(2).[10]  Pursuant to 59 O.S.1981 § 328.3(c), the term dentistry includes the practice of dentistry in all its branches.

The father is responsible for payment of one-half of the orthodontist's bill.

## III

■  The mother also complains because the court ordered each party to pay his/her own attorney fees.  An award of attorney fees and costs by the trial court will not be disturbed in the absence of an abuse of discretion.[11]  In this case there is no transcript of the proceedings and, for that reason, we cannot determine if an abuse occurred.  That part of the trial court's judgment is approved.

We do find that attorney fees should be awarded to the appellant for this appeal.  The cause is remanded to the trial court for a determination of this amount.

CERTIORARI GRANTED;  OPINION OF THE COURT OF APPEALS WITHDRAWN;  JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED.

BARNES, C.J., SIMMS, V.C.J., and IRWIN, LAVENDER, DOOLIN, JJ., concur.

WILSON, J., concurs in part, dissents in part.

HARGRAVE and OPALA, JJ., dissent.

HARGRAVE, Justice, dissenting:

I respectfully dissent to the majority opinion in this case.  The Court of Appeals'

2.  *Barnett v. Barnett,* 243 A.2d 51 (Dist.Col.App. 1968).  See Annot., "What Voluntary Acts, Other Than Marriage Or Entry Into Military Service, Terminate Parent's Obligation To Support," 32 A.L.R.3d 1055, 1070 (1970).  *In re Stuart,* 72 App.D.C. 389, 114 F.2d 825 (1940).

3.  *Porter v. Porter,* 25 Ohio St.2d 123, 267 N.E.2d 299 (1971).

4.  *Wagner v. Wagner,* 165 N.J.Super. 553, 398 A.2d 918, 920 (1979).

5.  *Zercher v. Bankert,* 266 Pa.Super. 595, 405 A.2d 1266, 1269 (1979).

6.  *Henson v. Money,* 273 Ark. 203, 617 S.W.2d 367, 369 (Ark.1981).

7.  *Wade v. Wade,* 570 P.2d 337, 339 (Okl.1977).

8.  It is provided by 12 O.S.1981 § 1277 in pertinent part:

. . . "Any child shall be entitled to support by the parents until the child reaches eighteen (18) years of age."  . . .

9.  See Webster's Seventh New Collegiate Dictionary, pp. 245–46 (G. & C. Merriam Co. 1967).

10.  It is provided by 59 O.S.1981 § 725.2(2):

"The following six classes of persons who may use the word 'Doctor', or an abbreviation thereof, shall have the exclusive right to use (whether or not in connection with the word 'Doctor', or any abbreviation thereof) the following designations:

"2.  The letters 'D.D.S.' by a person licensed to practice dentistry under Chapter 7, Title 59, Oklahoma Statutes 1941," . . .

11.  *McCoy v. McCoy,* 429 P.2d 999, 1012 (Okl. 1967).

opinion being withdrawn is in my opinion a well written and reasoned opinion. It is cognizant of the fact that no transcript was included on appeal and for that reason, the trial court should not be reversed as to questions of fact. I agree.