Richard **WEIGEL** and **Janet Weigel,**
husband and wife, Appellees,

v.

**SEARS, ROEBUCK AND COMPANY**
and **Terminix International, Inc.,**
both foreign corporations, Appellants.

No. 64175.

Court of Appeals of Oklahoma,
Division No. 4.

Sept. 2, 1986.

Rehearing Denied Sept. 22, 1986.

Certiorari Denied Nov. 4, 1986.

Approved for Publication by Order
of the Supreme Court
Dec. 24, 1986.

R. Kenneth King, Tulsa, for appellees.

Pat Malloy, Malloy & Malloy, Inc., Tulsa, for appellants.

## OPINION

STUBBLEFIELD, Presiding Judge.

This is an appeal from an order in which the trial court taxed attorney fees against Defendants after the jury had awarded Plaintiffs damages for breach of a "Termite Control Protection Contract and Guarantee."

Plaintiffs Richard and Janet Weigel filed an action against Defendants Sears, Roebuck and Company and Terminix International, Inc., for having breached their contract which provided that "[f]or a period of one year, beginning on January 1980 [sic], Sears agrees to provide the necessary treatment to protect the premises ... against the attack of subterranean termites." The terms were renewable for four years upon payment of an annual fee. The "guarantee" clause which forms the basis of this action provides:

Sears further agrees that if new subterranean termite damage to the structure or contents occurs while this contract is in effect, then Sears will, upon notification and inspection, arrange for necessary repairs at its expense. New subterranean termite damage is that damage done by termites over and above existing damage at the time this contract was originally entered into ..., with live termites being found in the damaged area.

The attached "wood infestation report" indicated that there was no evidence of damage and that the premises had been treated on February 1, 1980.

After live termites were discovered in 1982 and Terminix treated the premises, Plaintiffs discovered extensive damage caused by termite infestation. A dispute arose over the extent of "new" damage and the repair required and resulted in Plaintiffs filing this action. At trial, the jury awarded Plaintiffs damages in the amount of $18,275 against Defendants for failure to honor the guarantee and make necessary repairs. Thereafter, Plaintiffs filed a motion seeking an award of attorney fees in the amount of $15,833.13, pursuant to "12 O.S. [1981 §§] 928, 936, and/or 939."

The trial court awarded Plaintiffs attorney fees of $15,420. It is from this order that Defendants appeal.

Defendants' contention that there is no statutory authority for an award of attorney fees in this breach of contract or breach of warranty case is without merit. Clearly, Defendants breached their warranty to make necessary repairs. The statutory authority for attorney fees to be taxed against Defendants can be found in 12 O.S. 1981 § 939, which provides:

> In any civil action brought to recover damages for breach of express warranty *or* to enforce the terms of an express warranty made under [the Oklahoma Uniform Commercial Code] ... the prevailing party shall be allowed a reasonable attorney fee. (Emphasis added.)

Defendants warranted their inspection and treatment of February 1, 1980, by agreeing to repair any damage resulting from new termite infestation. The agreement provided by Defendants is called a "Termite Control Protection Contract and Guarantee." This court accepts Defendants' characterization of the agreement as a contract and *guarantee,* and concludes that what Defendants designate as a *guarantee* is in reality a warranty, such as was contemplated under section 939. The jury verdict finding a breach of the agreement entitled Plaintiffs to a reasonable attorney fee.

Defendants do not challenge the amount awarded as attorney fees. On appeal an "[a]ward of attorney fees ... by the trial court will not be disturbed in the absence of an abuse of discretion." *Hester v. Hester,* 663 P.2d 727, 729 (Okla.1983). After reviewing the detailed accounting of time spent in preparation for and trial of the case, we find no such abuse of discretion.

Affirmed.

RAPP, J., concurs.

BRIGHTMIRE, J., not participating.