**In the Matter of the TERMINATION OF PARENTAL RIGHTS,**

**In re SARA O., a minor child.**

No. 75604.

Supreme Court of Oklahoma.

Feb. 16, 1993.

As Corrected April 13, 1993.

Alan D. Rosenbaum, Lawton, for appellant,

Kay L. Van Wey, Lawton, for appellee.

SUMMERS, Justice.

Father's parental rights were terminated for non-payment of child support by the District Judge in a non-jury proceeding. The Court of Appeals reversed, finding that Father had been unconstitutionally deprived of a jury trial. On certiorari we reinstate and affirm the Order of the trial court.

Father and Mother were divorced in Comanche County on October 3, 1986. She received custody of Sara, then two and a half years old, and he was ordered to pay $125 per month child support. In a criminal proceeding Father had entered a plea of guilty to the molestation of a daughter of Mother by a previous marriage. In November, 1989, Mother filed a petition to terminate her ex-husband's parental rights under 10 O.S.1986 Supp. § 1130(D).[1]

Father retained counsel. The case proceeded through discovery and came on for trial before the Court in due course. The Court called the case and inquired if the parties were ready. The mother's counsel announced that she was, and the father's counsel did likewise. Opening statements were waived, witnesses were examined and cross-examined, arguments were made, and the matter was submitted. The trial judge ruled that the mother as petitioner had met her burden, and terminated the father's rights under § 1130(D).

Father's next move was to file a Motion for New Trial (through the same counsel), challenging certain of the Court's evidentiary rulings and the sufficiency of the evidence, and raising for the first time the proposition that he should have been given a jury trial.[2] The Motion was overruled and he appealed.

The Court of Appeals reversed, finding that Father had indeed been deprived of a jury trial, that the right to jury trial may not be waived except by compliance with 12 O.S.1981 § 591, and that there was no compliance with that statute. We have granted the mother's Petition for Certiorari.

■ In *A.E. v. State*, 743 P.2d 1041 (Okla.1987), this Court held that parents in termination proceedings *brought by the State* were entitled to trial by jury. Our state's constitutional assurance of the right to trial by jury appears in Art. 2, § 19, and that section at the time of *A.E.* included a reference to juries used in "juvenile proceedings." *Id.* at 1045.[3] The majority opinion in *A.E.* noted that subsection D had been added to § 1130 in 1986 and gave parents or guardians the authority to seek termination of parental rights without the necessity for the State to bring the action. But the opinion expressly left unanswered the question of whether the right to jury trial extended to such "private termination" actions. *Id.* at 1047. The intermediate appellate opinion in today's case held that it did so extend. We are compelled to vacate that writing and once again leave the question unresolved for one reason only. Assuming, but specifically without deciding, that Father had the constitutional right to a jury trial here, he waived it.

Title 12 O.S.1991 § 591 provides for waiver of jury and dates back to 1910;

> The trial by jury may be waived by the parties, in actions arising on contract,

---

1. 10 O.S.1986 Supp. § 1130(D):

   A parent or guardian of a child may petition the court to terminate the parental rights of a parent or the parents of a child for any of the grounds listed in paragraphs 1, 2 or 4 of subsection A of this section. A prior finding by a court that a child is delinquent, deprived or in need of supervision shall not be required for the filing of such petition by the parent or guardian.

   Paragraph 4 of subsection A provides for termination upon:

   A finding that a parent who does not have custody of the child has *willfully failed to contribute to the support of the child* as provided in a decree of divorce or in some other court order *during the preceding year* or, in the absence of such order, consistent with the parent's means and earning capacity ... (emphasis added)

2. Father also raised in his Motion For New Trial and on appeal an objection to the constitutionality of 10 O.S.Supp.1986 § 1130(D) under the Equal Protection Clause. The father did not file a response to the petition for certiorari, and assuming, but not deciding, that his argument on appeal may be considered on certiorari, it is substantively insufficient as a ground to reverse a judgment. Assignments of error unsupported by convincing authority are not considered on appellate review. *McDonald v. Humphries,* 810 P.2d 1262, 1264 (Okla.1990). The father's equal protection argument did contain a citation of one case but it did not include any citation of authority on the specific proposition that the statute violates the Equal Protection Clause. Thus, this argument is not addressed by our opinion.

3. Art. 2, § 19 of the Oklahoma Constitution was amended in 1990 and the language referring to "juvenile proceedings" was deleted. That amendment occurred subsequent to the trial of the case before us and would have no bearing on it.

and with the assent of the court in other actions, in the following manner. By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal.

It has never, however, been held to provide the *only* way to waive a jury.

We said in *Smith v. Smith*, 80 Okla. 136, 184 P. 82 (1919):

> ... [W]here the parties to an action make no request for a jury at any stage of the trial or prior to the commencement thereof, and submit their testimony to the court without a jury, no question of a jury trial having been raised upon the trial of the cause, it is too late for the first time to object in this court that such consent had not been made, and where no request for a jury appears of record, *the jury will be considered waived.*

*Id.* 184 P. at 82, (syllabus by the Court), (emphasis added).

The *Smith* Court went on to take note of the waiver statute (now codified at § 591), and said this:

> The provisions quoted provide that, in a civil action, the right to a trial by jury may be waived by the conduct of the parties, and where the parties to any civil action fail to make a timely request for a jury trial, and the cause is set for trial by the court for a day certain, and the parties appear in person and by attorneys, and submit their testimony to the court without a jury, and the record in the trial court is silent upon the question of jury trial, this is tantamount to an express waiver of a trial by jury, and an objection thereto and demand for a jury thereafter will not be considered by this court.

*Id.* 184 P. at 85.

In accord are *Driver v. Tolstornog*, 358 P.2d 1108 (Okla.1960) and *Landrum v. Landrum*, 50 Okla. 746, 151 P. 479 (1915).

Here we have a litigant, represented by counsel, who completes the pre-trial discovery procedures, appears at the time appointed for trial, announces ready to proceed, fully tries, argues, and submits the case, and then only when he has lost demands a jury trial. Such practices are frequently referred to as "laying behind a log",[4] and generally meet with disfavor in the courts. It is abundantly clear to us that the father, by announcing ready and proceeding to trial without any demand, oral or written, for jury trial, has waived any right to a jury he might have had, were we to adjudge that one existed.

This proceeding is before us on certiorari. We have said that our review of an opinion by the Court of Appeals is limited to those issues before us on certiorari. *Matter of S.C.*, 833 P.2d 1249, 1251 (Okla. 1992); *Federal Deposit Ins. Corp. v. Moss*, 831 P.2d 613, 617 n. 3 (Okla.1991); *Ford v. Ford*, 766 P.2d 950, 952 n. 1 (Okla.1988); *Teel v. Teel*, 766 P.2d 994, 997 n. 4 (Okla. 1988); *Mitchell v. Ford Motor Credit Co.*, 688 P.2d 42, 44 n. 1 (Okla.1984); *Johnson v. Wade*, 642 P.2d 255, 257 (Okla.1982). When a judgment has been reversed by the Court of Appeals, that reversal is later determined by us to be erroneous on certiorari, and other assignments of error had been left unreviewed on appeal, we have remanded the proceeding to the Court of Appeals for adjudication of the other grounds. *Athey v. Bingham*, 823 P.2d 347, 351 (Okla.1991). But we have also recently reviewed on certiorari an assignment of error left unadjudicated by the Court of Appeals. *Handy v. City of Lawton*, 835 P.2d 870, 874 (Okla.1992). Because of its ruling on the jury trial question the other issues raised by Father in his appeal were not reviewed in the Court of Appeals. But inasmuch as these other issues clearly afford him no relief we have determined to address them here in the interest of judicial economy.

---

**4.** The concept is to intentionally decline to reveal an argument at the proper time and then later "spring" it on an opponent. Similar concepts may be found cited in sources of colorful expression. For example see: "lie doggo" and its origin as reported in *New Dictionary of American Slang*, 258 (1986), and "lay for [someone]" reported in *Dictionary of American Slang*, 314 (Second Supplemented ed. 1975).

■ Father attacks the trial courts' decision to exclude his offer of evidence that for the period in question (when he paid no child support), his ex-wife denied visitation except under her supervision. We wrote, however, in *Hester v. Hester,* 663 P.2d 727 (Okla.1983), that the issues of child support and visitation "are not interdependent and should be separately enforced." *Id.* at 729. Further, and more specifically, we said "entitlement to child support is not contingent upon visitation rights.' *Id.* at 729.

Considering the case law as set out in *Hester,* we find no error in the trial court's sustaining the mother's objection to Father's complaints about visitation. They were irrelevant. 12 O.S.1981 § 2401. If Father felt aggrieved regarding visitation he had full access to the courts on that subject.

■ Finally, Father assails the evidence as being insufficient to support the finding. He correctly states that termination proceedings require "clear and convincing" evidence. *Merrell v. Merrell,* 712 P.2d 35, 37 (Okla.1985); *Matter of Adoption of Darren Todd H.,* 615 P.2d 287, 290 (Okla.1980). At the hearing Father testified he "assumed" when his financial situation got better he and the Mother would work something out concerning the arrearage. He offered no evidence of any agreement to that effect, however. There is not much disagreement regarding what he paid in total: approximately $400.00 as his half of the tax refund for 1986, and a $50.00 gift of money. Not one regular child support payment was made. No money was paid or contributed in the twelve months preceding the filing of the petition in November of 1989, although Father had been regularly employed since the summer of 1987, had been promoted, and was bringing home some $300.00 per week. Nor was there evidence that Mother had secreted her whereabouts, or had somehow induced Father not to pay his child support. The trial court's finding of willful failure to contribute to Sara's support is supported by the evidence, even when measured by the clear and convincing standard.

The opinion of the Court of Appeals is vacated. The Order of the District Court terminating the father's parental rights under 10 O.S.1986 § 1130(D) is affirmed.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA, WILSON and WATT, JJ., concur.

OPALA and KAUGER, JJ., concur in part, dissent in part.

SIMMS, J., dissents.

SIMMS, Justice, dissenting:

I must respectfully dissent. I agree with the Court of Appeals that this father had a constitutional right to a jury trial in this proceeding which was brought to sever his natural and legal relationship with his child. That court correctly determined that our holding in *A.E. v. State,* 743 P.2d 1041 (Okla.1987), which recognized the state constitutional basis of a parent's right to a jury trial in a termination action initiated by the state, should also be applied where the termination is initiated by an individual.

This proceeding was brought to terminate father's parental rights, and the identity of the initiating party was irrelevant to its consequences to him. He stood to lose his rights to his child just as surely as if the action were brought by the state through the district attorney. The fact that this termination procedure was initiated by an individual rather than the State of Oklahoma, does not change it from being "state action" at its most significant, and the majority's holding that the availability of a jury trial depends on the identity of the complaining party, creates a denial of equal protection of the law. States may not create artificial boundaries for suitors within the same class. This is particularly true here, where we are dealing with rights which are "[f]ar more precious than property rights," *May v. Anderson,* 345 U.S. 528, 533, 73 S.Ct. 840, 843, 97 L.Ed. 1221 (1953), they have been deemed "essential", *Meyer v. Nebraska,* 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923), and the "basic civil rights of man," *Skinner v. Oklahoma,* 316 U.S. 535, 541, 62 S.Ct. 1110, 1113, 86 L.Ed. 1655 (1942).

Clear warning of the unconstitutionality of such disparate treatment was sounded in the dissenting opinion to *A.E.* authored by Justice Opala, where he pointed out that it would violate federal and state constitutional guaranties of fair and equal treatment to deny a jury trial to a subclass of parents facing the same threat as the general classification where the only distinction between the two lies in the person or entity prosecuting the claim. His observation that there is no rational connection between the distinction of classes of parents and the purpose for the classification, is as true now as it was then. So too is his conclusion that treating those similarly situated persons differently would violate federal and state constitutional guarantees.

The majority's refusal to extend the holding in *A.E.* to this father based on its stated assumption that even if he had a constitutional right to a jury trial, he had waived it, is unconvincing. The record does not support a finding that his right to a jury trial was waived. There is no written waiver before us and nothing in the record indicates a knowing and intentional waiver of a jury trial. While this right, like other statutory and constitutional rights, is personal and may be waived, waiver is never presumed from a silent record. The fact that one knows his rights and intends to waive them must plainly appear in the record. *Faulkenberry v. Kansas City Southern Ry. Co.*, 602 P.2d 203 (Okla.1979); In *Matter of D.D.F.*, 801 P.2d 703 (Okla.1990), this Court recognized that a parent in a termination action can waive his right to a jury trial, and the waiver will be upheld where the record supports a finding that it was voluntarily and knowingly made. That finding cannot be made here.

Even without questions of the constitutionally fundamental right to a jury trial in this termination action, waiver of a trial by jury is nonetheless required by statute, 12 O.S.1991, § 591, to be acknowledged by written consent or oral consent given in open court, and entered in the court's journal.

In the face of a silent record, I would not presume waiver of a trial by jury which has been held by this Court to be a constitutional right in a termination proceeding.

I am authorized to state that Justice KAUGER joins with me in the views expressed herein.