**Leann Marie WADDLE, Appellant,**

v.

**Michael Lee WADDLE, Appellee.**

**No. 80991.**

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 11, 1994.

---

Kyle B. Hadwiger, Cherokee, for appellant.

Ronald W. Bittle, Alva, for appellee.

## OPINION

HANSEN, Chief Judge:

In this post-divorce action, Appellant seeks review of the trial court's order denying her motion for new trial. We affirm.

The parties were divorced on June 18, 1989. Appellant was granted custody of their two children. Appellee was ordered to pay $344.57 per month in child support and day care expenses.

On July 16, 1992, Appellant filed an Application to Terminate Parental Rights and Determination of Arrearages. She alleged Appellee had willfully failed to contribute to the support of their children since January 1991.

After a hearing, the trial court entered judgment for child support and day care expense arrearages in the amount of $16,-678.00, but denied the application to terminate Appellee's parental rights. Appellant brings this appeal from the trial court's denial of her motion for new trial.

■ Appellant first contends the trial court erred in refusing to enforce a subpoena duces tecum purporting to direct Appellee to appear before the trial court and bring with him copies of his tax returns and W–2's from 1989 to 1992.

At the hearing, Appellant produced a certified mail envelope reflecting the subpoena had been returned unclaimed by Appellee. Appellee's counsel acknowledged that he had received a copy of the subpoena. Appellee did not bring the requested documents to the hearing.

Appellant argues service of a subpoena duces tecum on a party is under 12 O.S.1991 § 2005, which allows service on the party's attorney. Appellee asserts, and we agree, the trial court was correct in finding that service is governed by 12 O.S.1991 § 2004.1, which requires service on the "person named therein".

Section 2005 provides for service and filing of "pleadings and other papers". As set forth in § 2005(A), this includes:

... every order required by its terms to be served, every pleading subsequent to the original petition unless the court other-

wise orders ..., every paper relating to discovery ..., every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper ...

Appellant contends the quoted language indicates a legislative intent to "cover everything subsequent to the original petition" and that the "language 'every paper relating to discovery' and 'similar paper' includes a subpoena duces tecum". Appellant concedes she can provide no citation of legal authority in support of this contention. We are unpersuaded by Appellant's bare assertion.

Section 2004.1 specifically provides for issuance and service of subpoenas, including a "subpoena for production of documentary evidence". Even presuming a subpoena duces tecum could arguably be included within the general class of pleadings and other papers covered by § 2005, laws addressing a specific subject are applied to the exclusion of more general laws. *Lindsey v. Kingfisher Bank & Trust Co.*, 832 P.2d 1 (Okla.1992).

Section 2004.1 provides, in relevant part:

Service of a subpoena upon a person named therein shall be made by delivering or mailing a copy thereof to such person and by tendering to him the fees for one (1) day's attendance and the mileage allowed by law.... service of a subpoena by mail shall not be effective if the mailing was not accepted by the person named in the subpoena.

Appellant argues § 2004.1 does not apply to parties because "fees are required for witnesses and not parties". Appellant appears to suggest, again without citation of legal authority, that a party may not be a "witness" at a hearing or trial. We disagree.

■ As a general rule, a party is not required to attend court during the trial unless the opposite party has secured his or her attendance as a witness by the process of the court, in the same manner as any other witness.[1] More specifically, it has been the rule in this jurisdiction since its earliest days that a party to an action may be called as a witness by his adversary, with disobedience of the subpoena punishable in contempt proceedings. *In re Abbott,* 7 Okla. 78, 54 P. 319 (1898).

In our Discovery Code [2], the Legislature has differentiated in the treatment of party deponents and other witnesses as to witness fees, requiring no payment to party deponents. 12 O.S.1991 3230(I). We find no such statutory distinction with respect to hearings and trials.

■ In the absence of a prohibition on payment of witness fees to a party, or other legislative dictate mandating parties should be treated differently than other witnesses, a party subpoenaed by an adverse party must be treated as any other witness.[3] Service of the subpoena is personal, and must be made in accordance with § 2004.1 to the person named therein. The trial court did not err in refusing to enforce the subpoena duces tecum, which was served only on Appellee's counsel.

■ Appellant next contends the trial court erred in refusing to consider Appellee's failure to contribute to the support of the children for more than a year preceding the filing of Appellant's Application to Terminate.

Appellant's request for termination of Appellee's parental rights is based upon 10 O.S. 1991 § 1130(A)(4), which authorizes termination where a court finds:

... that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some

---

1. *See,* 97 C.J.S. *Witnesses* § 15 (1957).

2. 12 O.S.1991 §§ 3224 et seq.

3. In *In re Conservancy District No. 5, Lincoln County,* 471 P.2d 879 (Okla.1970), the Supreme Court held that parties summoned as witness under the compulsion of the adverse party were entitled to witness fees. The Supreme Court based its opinion on the express language of 12 O.S.Supp.1965 § 383, which provided an adverse party could be compelled to testify "in the same manner, and subject to the same rules, as other witnesses". Section 383 was repealed by Laws 1978, c. 285, eff. Oct. 1, 1978, which also enacted the Oklahoma Evidence Code, 12 O.S. 1991 §§ 2101 et seq.

other court order during the preceding year ...

In its order denying termination, the trial court specifically found Appellee had not paid child support on any regular basis since the divorce, and had not paid any child support since 1990. The trial court also found however that Appellee had not been employed since July 7, 1991, and had sought employment but was unable to find work in his occupation as truck driver because of alcoholism, chronic depression and inability to obtain a commercial drivers' license.

The trial court determined in view of its findings that Appellant had failed to prove willfulness in Appellee's failure to provide child support for a year preceding filing of Appellant's Application. Based upon that determination, the trial court denied the application to terminate parental rights.

Appellant submits that § 1130(A)(4) does not limit the trial court's ability to look beyond the preceding year for willful failure to support, and if such a finding is made, termination of parental rights is proper.

Our Supreme Court has repeatedly recognized that the right of a parent to the care, custody, companionship and management of his or her child is a fundamental right protected by the state and federal constitutions. *Matter of Adoption of Darren Todd H.,* 615 P.2d 287 (Okla.1980). Concomitantly, laws which would deprive a party of private rights should be strictly construed. *Ricks Exploration Co. v. Oklahoma Water Resources Board,* 695 P.2d 498 (Okla.1984).

While the Supreme Court has not expressly held that trial courts must restrict their consideration of nonsupport to the year preceding filing of a petition to terminate under § 1130(A)(4), we find that is clearly their view by implication.

In *Matter of Termination of Parental Rights,* 847 P.2d 768 (Okla.1993), also brought under § 1130(A)(4), the Supreme Court, in summarizing the evidence, noted:

... No money was paid or contributed in the *twelve months preceding the filing of the petition* in November of 1989, although Father had been regularly employed since the summer of 1987, had been promoted, and was bringing home some $300.00 per week.... (emphasis added).

The above quote reflects that while the Supreme Court found the father had the ability to pay for more than two years, it looked only to the statutory one year period in reviewing the evidence.[4]

The Supreme Court gave the same reading to a similar provision in 10 O.S.1981 § 60.6, which allows adoption without consent of parents where nonsupport "for a period of twelve (12) months immediately preceding the filing of a petition for adoption" is established. Again, in reviewing the proof of nonsupport, the Court stated in *Matter of Adoption of J.L.H.,* 737 P.2d 915 (Okla.1987):

For a part of the *critical period—the year next preceding the filing of the adoption proceeding*—the mother in this case was a public charge upon the State of Kansas. (emphasis added).

We find nothing to convince us the Legislature intended for the trial courts to consider any period other than the preceding year in deciding termination matters under § 1130(A)(4). The trial court here did not err in refusing to consider evidence of nonsupport beyond that period in deciding the question of termination.

Finding no error of law, nor abuse of the trial court's discretion, the order of the trial court is AFFIRMED.

JONES, P.J., and ADAMS, J., concur.

---

4. See also, *Matter of Termination of Parental Rights,* 847 P.2d at 769, footnote 1, in which the Supreme Court emphasized the phrase "during the preceding year" while quoting § 1130(A)(4).