1997 OK CIV APP 86

**William L. WELCH, Plaintiff/Appellee,**

v.

**Donna L. WELCH, Defendant/Appellant.**

No. 87473.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 5, 1997.

---

David P. Henry, Oklahoma City, for Defendant/Appellant.

D. Scott Colbert, Sulphur, for Plaintiff/Appellee.

## OPINION

GARRETT, Judge:

¶1 Donna L. Welch, Defendant/Appellant [Donna], was divorced from William L. Welch, Plaintiff/Appellant [William], in March, 1993. The judgment was modified in April, 1993, awarding William custody of the parties minor child. Payment of child support was not ordered at that time; however, that order was modified in August, 1994, and Donna was ordered to pay child support beginning October 1, 1994. On November 13, 1995, William filed a petition to terminate Donna's parental rights alleging Donna had substantially and wilfully failed to pay child support for a period in excess of one year.

¶2 Donna alleged she had made a full month's child support payment on November 28, 1994, which was within the preceding 12 months [one year], therefore, she alleged, under the statute her parental rights could not be terminated. The court found inter alia: Donna had made one payment on November 28, 1994, and had made another payment after the petition to terminate parental rights was filed; Donna was employed and had funds available to pay child support from April, 1993, to August, 1994; Donna was employed from August, 1994, and through and after November, 1994, but made only one child support payment before William's petition was filed; based on Donna's wilful failure to pay child support from April, 1993, through August, 1994, and her failure to visit the child, Donna's parental rights were terminated.

¶3 Donna appeals and contends the court erred in terminating her parental rights because there was uncontroverted evidence that she had made a payment within the preceding one year. Donna also contends termination of parental rights must be in the best interests of the child and there was no evidence the termination of Donna's parental rights was in the best interests of the child. William contends Donna was obligated to support her child from April, 1993, when he was granted custody even though she was not ordered by the court to do so until October, 1994.

¶4 The pertinent statute is 10 O.S.Supp. 1995 § 7006–1.1(A)(5). It authorizes termination of parental rights based upon:

A finding that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order *during the preceding year* or, in the absence of such order, consistent with the parent's means and earning capacity; provided, that the incarceration of a parent shall not prevent termination of parental rights under this section; [Emphasis supplied.]

Under this statute the court may only consider the non-custodial parent's payment of child support or failure to make such payment during the 12 month period [one year] immediately preceding the filing of the Petition to Terminate parental rights. See, *Waddle v. Waddle*, 1994 OK CIV APP 1, 868 P.2d 751. Therefore, termination of Donna's parental rights when she had made a child support payment within the preceding year was error.

¶5 Next, Donna contends there was no showing it was in the best interests of the

child to terminate parental rights. Due to the foregoing, we need not address this issue.

¶ 6  REVERSED AND REMANDED for such further proceedings as may be proper.

JONES, P.J., and ADAMS, C.J., concur.